**In re Robert L. WILBUR, Joyce A. Wilbur, Debtors.**

**Bankruptcy No. 182–00013.**

United States Bankruptcy Court,
D. Maine.

Nov. 15, 1982.

Richard Joyce, South Windham, Me., trustee.

Louis Kornreich, Gross, Minsky, Mogul & Singal, Bangor, Me., for debtors.

MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

The debtors filed a joint petition under chapter 7 of the Bankruptcy Code on January 15, 1982. In Schedule B–4, the debtors claimed the following exemption: "1944 Aeronaca Airplane claimed to the extent of $1200.00." The debtors assert that they are entitled to the exemption under 14 M.R.S.A. § 4422(2), which provides an exemption for "[t]he debtor's interest, not to exceed $1,200 in value, in one motor vehicle."

On March 23, 1982, the trustee objected to the exemption of the airplane under section 4422(2).

The sole issue is whether or not the debtors are entitled to exempt their 1944 Aeronaca airplane as a motor vehicle. The court concludes that they may not. "Motor vehicle" is not defined in the Maine exemption statute. The debtors argue that since the term is not defined, the court should apply the common definition of the term.

29 M.R.S.A. § 1.7 defines a motor vehicle as "any self-propelled vehicle not operated exclusively on tracks, including motorcycles, but not including snowmobiles. . . ."

It must be conceded that the debtors' aircraft would fit within this definition. It is a self-propelled vehicle which does not operate exclusively on tracks.

6 M.R.S.A. § 3.5 defines an aircraft as "any contrivance ... used or designed for navigation of or flight in the air...."

This definition puts the debtors' argument back on the ground where it belongs.

■ The court admires the debtors' ingenuity. However, they fail to perceive the purpose of the exemption statute. The purpose of the statute is to leave the debtors with property needed for their support and the support of their family. *In re Breau,* 17 B.R. 697 (Bankr.Me.1982).

The Maine Legislature provided an exemption in a motor vehicle to ensure that a debtor will have the transportation necessary to enable him to work and to perform the other tasks which are necessary if he is to have a true fresh start.

■ It is difficult to believe that the Maine Legislature intended that a debtor exempt "any contrivance ... used or designed for navigation of or flight in the air ..." or even an antique aircraft, which is defined by 6 M.R.S.A. § 3.10–A as "an aircraft in excess of 30 years of age which is flown only for purposes of demonstration or show."

The trustee's objection to the debtors' claimed exemption under 14 M.R.S.A. § 4422(2) must be sustained.

An appropriate order will be entered.