In re Mary K. GARCIA, Debtor.

Frank GARCIA and Mary Garcia, husband and wife, Appellants,

v.

Mary K. GARCIA, Appellee.

Bankruptcy Nos. Civ. 93–0538 PHX RCB, B–92–05588 PHX RTB. Adv. No. 92–01069.

United States District Court, D. Arizona.

Jan. 25, 1994.

Stanley David Murray, Phoenix, AZ, for Frank Garcia.

Dan R. Duncan, Chandler, AZ, for Mary Garcia.

BROOMFIELD, Chief Judge.

Appellants Frank and Mary Garcia (the "Garcias") challenge the bankruptcy court's 1) Minute Entry Overruling Objection to Homestead Exemption; 2) Minute Entry Granting in Part and Denying in Part the Garcia's Motion for Summary Judgment; and 3) Final Judgment in the Adversary Proceeding. The crux of the Garcia's appeal is that the bankruptcy court erred in allowing Appellee/Debtor Mary K. Garcia, the Garcia's former daughter-in-law, to declare a homestead exemption. Appellee has filed a Motion to Dismiss Appeal and Motion for Sanctions. The Garcias have also filed a Motion for Sanctions.

## I. PROCEDURAL BACKGROUND

Appellee filed her Chapter 7 petition on May 6, 1992. Her petition claims a $100,000 exemption for her home. On August 4, 1992, the Garcias filed an Objection to Property Claimed Exempt. The Garcias admitted that their Objection was untimely under Bankruptcy Rule 4003(b),[1] but argued that under 11 U.S.C. § 105, the bankruptcy court has discretion to consider objections filed after the Rule 4003(b) deadlines have passed if necessary to prevent an abuse of the bankruptcy process.

At the hearing on the Objection, the bankruptcy court found that under Rule 4003, the time for "attacking the exemption directly" had passed. He noted, however, that the Garcia's might still be able to challenge the exemption "indirectly." By Minute Entry filed on September 29, 1992, the court overruled the Garcia's Objection.

On October 14, 1992, the Garcias filed a Complaint (the "Adversary Complaint") objecting to Appellee's discharge and alleging that her homestead claim was false and fraudulent. Appellee filed a motion for summary judgment, which the bankruptcy court granted in part and denied in part. The Adversary Complaint proceeded to trial, and on February 23, 1993, after the Garcias finished putting on their evidence, the bankruptcy court ruled that the Adversary Complaint should be denied.[2] The court instructed Appellee's counsel to draft a proposed order, and Judgment was entered on March 9, 1993. On March 16, 1993, the Garcias filed their Notice of Appeal.

## II. MOTION TO DISMISS APPEAL

Before proceeding with the merits of this Bankruptcy Appeal, the court will consider Appellee's Motion to Dismiss. Appellee argues that (1) the Garcias' Notice of Appeal of the bankruptcy court's order overruling their Objection to Exemption was untimely filed;

(2) because the Garcias' failed in their attempt to obtain a stay of the bankruptcy proceedings pending this appeal and Appellee subsequently received her portion of the homestead fund from the trustee, the issue of the validity of the homestead exemption is now moot; and (3) because the issue of the validity of the homestead exemption is allegedly moot, the appeal of the dismissal of the Garcia's Adversary Complaint is also moot. Appellee also request sanctions, arguing that she should not be forced to continually relitigate the objection to the homestead exemption.

In response, the Garcias contend that their appeal concerning the Objection to Exemption was not untimely because the time for filing a notice of appeal does not begin to run until judgment is entered on a separate document. They also argue that the bankruptcy court's order overruling their Objection to Exemption was not intended to be a final decision. The Garcias next aver that their failure to obtain a stay does not render the homestead issue moot because if the court reverses the bankruptcy court, they would be entitled to a money judgment against Appellee for the amount of the homestead fund she received from the trustee. They also contend that Appellee's request for sanctions is frivolous and is itself sanctionable.

Federal Rule of Bankruptcy Procedure 8002(a) provides that a "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Because the untimely filing of a notice of appeal implicates the court's jurisdiction, the ten day requirement is strictly construed. *In re Nucorp Energy, Inc.*, 812 F.2d 582 (9th Cir.1987).

In this case, the minute entry overruling the Garcia's Objection to Exemption was filed on September 29, 1992. The Garcias filed their Notice of Appeal on March 16, 1993. While the Garcias argue that a bankruptcy court's order is not appealable until

---

1. Rule 4003(b) requires that an objection to property claimed as exempt be filed within thirty days after the meeting of creditors. That meeting occurred on June 26, 1992.

2. After the Garcias' counsel had completed direct examination of their final witness, the Bankrupt-

cy Court instructed Appellee's counsel to waive his cross examination and sit down. Then, without first entertaining a motion to dismiss, the court ended the proceedings by ruling for Debtor.

judgment is entered, the cases they cite discuss the requirement that a separate *order* be entered on the clerk's docket, not a formal judgment. *See, e.g., Stelpflug v. Federal Land Bank of St. Paul,* 790 F.2d 47 (7th Cir.1986); *In re Johnson,* 62 B.R. 24, 27 (9th Cir. BAP 1986).

A bankruptcy court's order denying a homestead exemption is an appealable final order. *In re White,* 727 F.2d 884, 885–86 (9th Cir.1984); *see also, In re Fromal,* 151 B.R. 730 (E.D.Va.1993). Moreover, there is no merit to the Garcia's contention that the bankruptcy court did not intend its order to be final. Accordingly, because the Garcia's appeal of the bankruptcy court's Order Overruling Objection to Homestead Exemption was not timely filed, this court does not have jurisdiction to consider it. *See, In re Mouradick,* 13 F.3d 326, 327 (9th Cir.1994) ("the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order.")

■ Appellee next contends that the Garcia's appeal of the bankruptcy court's summary judgment ruling is moot because the Garcias failed to obtain a stay of the bankruptcy proceedings and Appellee subsequently received her share of the homestead exemption.

Bankruptcy Rule 8005 authorizes a party to file a motion to stay a bankruptcy court order pending appeal. Fed.R.Bankr.P. 8005. Unless an order approving the sale of property is stayed pending appeal, the sale of such property to a good faith purchaser shall not be affected by the reversal or modification of the order on appeal. 11 U.S.C. § 363(m).

Appellee has cited several cases wherein courts dismissed bankruptcy appeals as moot after the appellants failed to obtain stays of the bankruptcy proceedings. Those cases, however, involved situations where during the pendency of the appeal, the trustee sold property from the bankruptcy estate to third-party good faith purchasers. *See, e.g., In re Onouli–Kona Land Co.,* 846 F.2d 1170

(9th Cir.1988); *In re Royal Properties, Inc.,* 621 F.2d 984 (9th Cir.1980). The courts were concerned that modifying the bankruptcy court's orders would have no practical effect because the purchasers were not parties to the judicial proceedings and could not be compelled to return the property. *In re Onouli–Kona Land,* 846 F.2d at 1173; *In re Royal Properties,* 621 F.2d at 987.

The present case, however, involves the trustee releasing funds to the Debtor/Appellee. Appellee has cited no cases supporting the proposition that this court or the bankruptcy court would be without jurisdiction to compel her to return funds to the Trustee. As such, she has not supported her contention that the issue of the validity of the homestead exemption is moot. Moreover, because Appellee's remaining argument—that the appeal of the dismissal of the Garcia's Adversary Complaint is also moot—is based solely on their contention that the issue of the validity of the homestead exemption is moot, that argument must necessarily fail.[3]

### III. THE BANKRUPTCY APPEAL

Having determined that it is without jurisdiction to consider the first issue raised in the Garcias' Notice of Appeal, the court will turn to the remaining two.

### A. The Summary Judgment Ruling

The bankruptcy court granted in part Appellee's motion for summary judgment on the Adversary Complaint and dismissed the Garcias' claims asserted under 11 U.S.C. §§ 727(a)(2)(A) & (a)(4)(B). The Garcias argue that the court erred (1) because "[t]he filing of an invalid homestead transferred non-exempt property into exempt property, rendering Appellee insolvent and was made with the specific purpose of hindering, delaying or defrauding Appellants," in violation of section 727(a)(2)(A); and (2) "[f]or the reason that Appellee knowingly and fraudulently made a false claim of homestead in connection with this case, 11 U.S.C. § 727(a)(4)(B)

**3.** Because the court has concluded that it will not dismiss all of the Garcia's appeal, it will deny Appellees's motion for sanctions. The court also

denies Appellee's request for sanctions for having to respond to the Garcia's motion for sanctions.

has been met and the granting of summary judgment on this issue was legal error."

Appellees respond that (1) the act of recording a declaration of homestead does not constitute a "transfer" for purposes of section 727(a)(2)(A); and (2) a pre-petition debtor/creditor relationship must exist for a claim to arise for purposes of section 727(a)(4)(B).

■ Section 727(a)(2)(A) provides that a debtor shall not be granted a discharge if within one year of the filing of a petition in bankruptcy he "has transferred, removed, destroyed, mutilated, or concealed" his property "with intent to hinder, delay or defraud a creditor." 11 U.S.C. § 727(a)(2)(A). This section is construed liberally in favor of the debtor and strictly against those objecting to discharge. *In re Adeeb,* 787 F.2d 1339, 1342 (9th Cir.1986). Before a court can refuse a discharge under section 727(a)(2)(A), "it must be shown that there was an actual transfer of valuable property belonging to the debtor which reduced the assets available to the creditor and which was made with fraudulent intent." *In re Agnew,* 818 F.2d 1284, 1289 (7th Cir.1987) (quoting 4 *Collier on Bankruptcy* ¶ 727.02[5] (15th ed. 1986)); *see also, In re Adeeb,* 787 F.2d at 1345.

In this case, the Garcias have not cited any cases standing for the proposition that claiming a homestead exemption is a "transfer" within the meaning of section 727(a)(2)(A). Indeed, the cases they cite all involve prepetition transfers of a debtor's assets to third parties. *E.g., In re Oberst,* 91 B.R. 97 (Bankr.C.D.Cal.1988); *In re Zouhar,* 10 B.R. 154 (Bankr.D.N.M.1981). Merely claiming a homestead exemption, however, is not a transfer falling within the purview of section 727(a)(2)(A). *In re Johnson,* 880 F.2d 78 (8th Cir.1989). Accordingly, summary judgment on this claim was proper.

■ The bankruptcy court also granted summary judgment against the Garcias on their section 727(a)(4)(B) claim. That section of the Bankruptcy Code provides that a discharge shall not be available if a debtor knowingly and fraudulently "presented or used a false claim." 11 U.S.C.

§ 727(a)(4)(B). The Garcias assert that Appellee's listing of a homestead exemption was a "false claim" because she was not residing at the residence listed' at the time she made her homestead declaration.

■ In order to deny a debtor's discharge under section 727(a)(4)(B), the debtor must have presented an inflated or fictitious claim. *In re Natale,* 136 B.R. 344, 349 (Bankr. E.D.N.Y.1992); *In re Van Den Heuvel,* 125 B.R. 846, 851 (Bankr.S.D.Fla.1991). The Garcias appear to erroneously interpret "claim" as an "assertion." The term "claim" as used in the Bankruptcy Code, however, means a "right to payment" or a "right to an equitable remedy for breach of performance if such breach gives rise to payment." 11 U.S.C. § 101(5). Thus, the bankruptcy court was correct in its conclusion that the act of listing a homestead exemption cannot be a "false claim" within the meaning of section 727(a)(4)(B).

### B. The Final Judgment in the Adversary Proceeding

The bankruptcy court denied Debtor's motion for summary judgment on the Garcia's claim under 11 U.S.C. § 727(a)(4)(A) and conducted a trial.[4] The principal issue in that proceeding was whether Debtor's declaration of a homestead exemption was false. The court determined that it was not and dismissed the Adversary Complaint.

■ The Garcias argue that under Arizona law, Appellee's homestead claim was not valid because she was not physically present at the residence at the time she made her homestead claim. They also argue that Appellee did not have a subjective intent to reside at the residence.

Appellee responds that the residency requirement of Arizona's homestead statute does not require physical presence in a home on a day-to-day basis so long as a person has the intent to make that home his or her residence. She contends that the evidence presented at trial supports the bankruptcy court's determination that she did have that intent.

Arizona allows a party to claim a homestead for "a dwelling house in which the

---

4. That statute provides that a discharge shall not be allowed if a debtor knowingly and fraudulent-

ly "made a false oath or account." 11 U.S.C. § 727(a)(4)(A).

claimant resides." 33 A.R.S. § 33–1101(A)(1). The bankruptcy court found that while the evidence demonstrated that "the debtor was not physically residing [in her claimed residence] on a day to day basis, ... I don't think the statute is talking about actual physical residence. I think the statute is talking about what is your residence.... [T]hings occur where people don't reside in their home sometimes for long stretches of time. And so the mere fact that somebody isn't physically residing there is not determinative of whether they resided there in the sense that term is used in the statute." Record on Appeal, No. 48 at 15–16.

▪ Arizona law requires that the homestead exemption be liberally construed in favor of the debtor. *In re Renner*, 822 F.2d 878, 880 (9th Cir.1987) (applying Arizona law). There are no reported Arizona cases discussing whether "resides" as it is used in section 33–1101(A)(1) requires physical presence on a day-to-day basis. Courts construing homestead exemption statutes in other states, however, have determined that a "temporary absence" from a home will not defeat a homestead claim if a party intends that home to be his residence. *In re Dodge*, 138 B.R. 602, 607 (Bankr.E.D.Cal.1992); *In re Estate of Dodge*, 685 P.2d 260, 264 (Colo. App.1984). The court agrees with the bankruptcy court that this proposition is also applicable to section 33–1101(A)(1). *Cf., St. Joseph's Hosp. and Medical Center v. Maricopa County*, 142 Ariz. 94, 688 P.2d 986, 991 (1984) (statutory usage of term "residence" primarily connotes state of mind).

▪ The Garcias finally argue that even if section 33–1101(A)(1) does not require daily physical presence in a home, the evidence does not support a finding that Appellee intended to reside at her claimed homestead.

This court reviews the bankruptcy court's findings of fact for clear error. *In re Contractors Equipment Supply Co.*, 861 F.2d 241, 243 (9th Cir.1988). At trial, Appellee testified that she temporarily moved in with friends because she and her husband had separated. Appellee's husband also moved out of the home, thus leaving it vacant.[5]

Appellee testified that she did not return to the house immediately because she believed that the utilities had been shut off and she did not have the money to get them turned back on. She further testified that she checked on the home at least three or four times a week, and she eventually moved back in on a permanent basis.

The court's review of the evidence adduced at trial reveals ample support for the bankruptcy court's conclusion that Appellee's home was her residence. Accordingly, that ruling will not be disturbed.

IT IS ORDERED granting in part and denying in part Appellee's motion to dismiss appeal (doc. # 7–1).

IT IS FURTHER ORDERED denying Appellee's motion for sanctions (doc. # 7–2).

IT IS FURTHER ORDERED denying the Garcias' motion for sanctions. (doc. # 8).

IT IS FINALLY ORDERED affirming the decision of the bankruptcy court.

---

**5.** Appellee claims that her estranged husband kidnapped their daughter and fled to an undisclosed location.