**In re James Robert and Anne Louise SEMRAU, Debtors.**

**Bankruptcy No. 95–11746 B.**

United States Bankruptcy Court,
W.D. New York.

Sept. 22, 1995.

Albert J. Mogavero, Trustee, Buffalo, New York.

UAW Legal Services Plan, Joseph W. Rotella, of counsel, Cheektowaga, New York, for debtors.

CARL L. BUCKI, Bankruptcy Judge.

The issue in this Chapter 13 proceeding is whether the debtors may classify their snowmobiles as motor vehicles entitled to the status of exempt assets.

James and Anne Semrau, the debtors herein, are joint owners of two Polaris snowmobiles. The family automobile, a 1992 Chevrolet Corsica, has no equity, in that it secures obligations which exceed the car's value. On the other hand, the snowmobiles are unencumbered and allegedly have fair market values, respectively, of $4,000 and $3,000. To preserve for themselves the benefit of as much of this value as possible, the debtors have claimed a $2,400 exemption with respect to each unit.

Section 1325(a)(4) of the Bankruptcy Code establishes the Chapter 7 test for confirmation of a Chapter 13 plan: that the plan must distribute on account of each unsecured claim an amount that "is not less than the amount that would be paid on such claim if the estate

of the debtor were liquidated under Chapter 7." In Chapter 7, exempt assets are reserved for the benefit of the debtors and are not subject to the trustee's administration. By claiming exemptions for the snowmobiles, the debtors seek to reduce by $4,800 the amount which their Chapter 13 plan must pay to unsecured creditors. Accordingly, their Chapter 13 plan proposes that unsecured creditors receive distributions totalling less than the fair market value of the snowmobiles. On the basis that Mr. and Mrs. Semrau may not properly claim an exemption for these assets, the trustee now objects to plan confirmation.

■ As permitted by 11 U.S.C. § 522(b), New York State has opted for application of its own exemption standards in bankruptcy proceedings. Article 10–A of the New York Debtor and Creditor Law sets forth these exemptions. In particular, section 282 of that statute provides generally that an individual debtor may exempt from property of the estate "[o]ne motor vehicle not exceeding twenty-four hundred dollars in value above liens and encumbrances of the debtor." Unfortunately, the Debtor and Creditor Law contains no definition of motor vehicle. Mr. and Mrs. Semrau contend that "motor vehicle" is an unambiguous term, that a snowmobile is a vehicle with a motor, and that as such, it may qualify as an exempt asset for a value of $2,400. This Court disagrees.

■ Because the controlling statute is a product of the state legislature, we must look to New York law for the meaning of "motor vehicle." Apart from its Debtor and Creditor Law, the statutes of New York State contain several different uses of this term with definitions which, in their various instances, may either include or exclude snowmobiles. For purposes of vehicle access to park land, section 15–2703 of the New York Environmental Conservation Law defines "motor vehicle" to include a snowmobile. Similarly, a snowmobile is a motor vehicle for

purposes of withholding the tax component from motor vehicle damage insurance awards. N.Y.Tax Law § 341(a)(6) (McKinney Supp.1995). On the other hand, with regard to certain laws regulating highway usage, the Vehicle and Traffic Law has since 1987 excluded snowmobiles from the definition of motor vehicle. N.Y.Veh. & Traf.Law, § 125, (McKinney 1986). In short, the laws of New York offer no clear universal standard. Confirming this view is the decision of Judge Breitel on behalf of the New York Court of Appeals in *Albany Discount Corp. v. Mohawk National Bank*, 28 N.Y.2d 222, 225, 321 N.Y.S.2d 94, 269 N.E.2d 809 (1971):

> The briefest consideration yields the view that precise definition is elusive, confirmed by the variety of definitions of motor vehicle.... The situation is one where functional criteria should be used almost exclusively in classification and terminology.

For this reason, the Court looked to the concern and intent of the legislature, for the purpose of determining whether a motor home qualified as a motor vehicle under the Uniform Commercial Code. "[S]uch pragmatic considerations," *id.* at 226, must similarly receive the attention of this Court as it defines motor vehicle for purposes of the Debtor and Creditor Law.

■ Exemption statutes facilitate the goal of affording a fresh start to those who seek bankruptcy protection. *See In re Dipalma*, 24 B.R. 385, 390 (Bankr.D.Mass.1982). New York's Debtor and Creditor Law recognizes that financial rehabilitation requires the debtor's retention of reasonable means for earning a livelihood and for otherwise satisfying basic family needs. Although many exemptions reflect archaic concepts concerning survival in an agrarian society,[1] the motor vehicle exemption acknowledges the necessity of auto transportation in America today. Realistically, debtors need a means for travel to their employment as well as in the conduct of their daily lives.

---

1. For example, through its reference to those assets that are exempt from enforcement of money judgments, section 282 of the New York Debtor and Creditor Law recognizes limited exemptions for "one sewing machine with its appurtenances," N.Y.Civ.Prac.L. & R. § 5205(a)(1) (McKinney 1978); "domestic animals with the necessary food for those animals for sixty days," N.Y.Civ.Prac.L. & R. § 5205(a)(4) (McKinney 1978); and a team of draft animals "together with the necessary food for the team for sixty days," provided that it is necessary to the debtor's profession or calling, N.Y.Civ.Prac.L. & R. § 5205(a)(7) (McKinney 1978).

Section 282 of the New York Debtor and Creditor law does not recite any particular use as a condition for its grant of a motor vehicle exemption. This court recognizes that many debtors have successfully claimed exemptions for automobiles that are used exclusively for recreational purposes. Automobiles, however, are manifestly included within the definition of motor vehicle. The mandate of the New York Court to consider legislative intent applies only with respect to machines having a less certain classification. Unlike autos, snowmobiles do not fulfill a need for general transportation. The legislature designed the motor vehicle exemption to protect the means of basic travel that typical debtors require to assure their fresh start. Snowmobiles fail to fulfill that purpose, except in unusual circumstances involving some special, non-recreational use. Indeed, in their testimony at the hearing on plan confirmation, Mr. and Mrs. Semrau acknowledged that they used the snowmobiles for recreational purposes only. Accordingly, in the present instance, no exemption as a motor vehicle is to be allowed for this equipment.

The decision of this Court accords with that reached in *In re Wilbur*, 25 B.R. 405 (Bankr.D.Me.1982), which rejected the debtor's claim that an airplane was an exempt motor vehicle. As in the present instance, the applicable exemption provisions for the State of Maine neglected to define this term. The purpose of the exemption, however, was "to ensure that a debtor will have the transportation necessary to enable *him* to work and to perform the other tasks which are necessary if he is to have a fresh start." *Id.* at 406. In like fashion, the New York legislature surely did not contemplate recreational snowmobiles to be the type of equipment that is normally needed for an individual's financial rehabilitation.

For the reasons stated herein, this Court will deny confirmation of the proposed Chapter 13 plan. The debtor may, however, present an alternative plan which distributes to unsecured creditors at least as much as they would receive through a Chapter 7 liquidation of all non-exempt assets, including both snowmobiles.

So ordered.