**In re William Ashley MOORE and Kim Marie Moore, Debtors.**

**No. 00–30392–7.**

United States Bankruptcy Court, W.D. Missouri, Southwestern Division.

Aug. 2, 2000.

Mr. David M. Gaines, Springfield, MO, for debtor.

Norman Rouse, Joplin, MO, trustee.

### MEMORANDUM OPINION AND ORDER

JERRY VENTERS, Bankruptcy Judge.

The issue before the Court in this Chapter 7 proceeding is whether the Debtors, William Ashley Moore and Kim Marie Moore ("Debtors"), are entitled to claim a $1,000.00 exemption in an all-terrain vehicle ("ATV") as a motor vehicle. After review and consideration of the applicable law, the Court concludes that the Debtors

may claim such an exemption under Missouri law.[1]

The Debtors filed their Chapter 7 petition on May 5, 2000. On Schedule C of their bankruptcy schedules, they claimed a $1,000.00 exemption in a 1993 Blaster ATV,[2] although the ATV was listed as having a value of only $750.00. The Trustee, Norman E. Rouse, on June 20, 2000, filed Objections to Exemptions in which he objected to the Debtors' exemption (which he mistakenly stated to be $1,100.00).[3] A hearing was held on the Trustee's Objections at the Federal Courthouse in Joplin, Missouri, on July 27, 2000, at which the Trustee and counsel for the Debtors presented argument.

## DISCUSSION

Missouri has opted out of the federal exemptions allowed to bankruptcy debtors, Mo.Rev.Stat. § 513.427, so the Debtors claimed their exemption under Mo.Rev. Stat. § 513.430, subd. 1(5), which provides:

> 1. The following property shall be exempt from attachment and execution to the extent of any person's interest therein:
>
> * * * *
>
> (5) Any motor vehicle, not to exceed one thousand dollars in value;

Mo.Rev.Stat. § 513.430, subd. 1(5).

There is no dispute that the Debtors own the ATV and that it is property of the bankruptcy estate. The only question is whether the ATV qualifies as a motor vehicle for purposes of the exemption statute.

Although the term "motor vehicle" is defined in several different places in the Missouri statutes for different purposes,[4] it is, not surprisingly, not defined in the exemption statutes. Therefore, we should keep in mind two basic rules in ruling on the issue before us. First is the general rule of statutory construction that words used in statutes are to be considered in their plain and ordinary meaning. *Schneider v. State Division of Water Safety*, 748 S.W.2d 677, 678 (Mo.1988). Second is the general rule that exemption laws are enacted for the relief of the debtor and are to be liberally construed in favor of the debtor. *Murray v. Zuke*, 408 F.2d 483, 486 (8th Cir.1969); *In re Galvin*, 158 B.R. 806, 807 (Bankr.W.D.Mo.1993). Several of the definitions in the Missouri statutes define a motor vehicle as a "self-propelled vehicle not operated exclusively upon tracks." See §§ 300.010(15) and 301.010(31), for example. "Vehicle" is defined in the dictionary as "a means of carrying or transporting something ... a carrier of goods and passengers." Webster's Third New International Dictionary 2538 (1981).

Common sense would seem to dictate that an ATV is a motor vehicle. It is a self-propelled vehicle, having its own motor and steering mechanism.[5] While in

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2. Schedule C actually listed a $1.00 exemption on one line and a $1,000.00 exemption on a second line. It would appear that the $1.00 entry was a typographical error.

3. The Trustee also objected to a $3,000.00 exemption which the Debtors claimed with respect to a profit-sharing plan, but the Trustee announced in open court that that objection could be overruled.

4. For example, § 142.010(6) (motor vehicle fuel tax), § 142.362(5) (special motor fuel tax), § 150.013(2) (motor vehicle dealer licensing), § 300.010(15) (traffic administration), § 301.010(31) (motor vehicle registration and licensing), § 302.010(9) (drivers' licenses), § 303.020(5) (financial responsibility law), § 365.020(5) (motor vehicle time sales), § 390.020(19) (regulation of motor carriers), and § 407.560(6) (new motor vehicle warranties, or "lemon law").

5. One Court has described an ATV as "simply a recreational 'downsized' version of an automobile or truck or 'Jeep' or even tank ..." *In re Rainer*, 246 B.R. 11, 17 (Bankr.W.D.N.Y. 2000). This Court does not necessarily subscribe to that description.

this Court's experience it is primarily used as a recreational vehicle, it may be used to carry goods and it certainly is used to carry passengers (*i.e.*, a driver). In Missouri, the operation of an ATV is prohibited on the public highways except in certain specified instances, Mo.Rev.Stat. § 304.013, but for purposes of titling, perfection of liens and encumbrances, and transfer, ATVs are treated in the same manner as motor vehicles, Mo.Rev.Stat. § 301.700. None of the statutory definitions of motor vehicles excludes all-terrain vehicles from those definitions, so it would appear that the Missouri General Assembly considers ATVs to be motor vehicles.

 The Trustee argued at the hearing that the General Assembly did not intend to include ATVs within the definition of "motor vehicles" in the exemption statute. He argued that the term "motor vehicle" as used in § 513.430, subd. 1(5) was meant to include only those vehicles used by debtors to go to and from work, to earn their living, etc. Certainly, the general purpose for the exemption statutes is to afford a fresh start to those who seek bankruptcy protection and relief. *See, e.g.*, *In re Semrau*, 187 B.R. 96, 97 (Bankr. W.D.N.Y.1995); *In re Cole*, 104 B.R. 736, 738 (Bankr.D.Md.1989) ("The purpose of exemptions ... is that the debtor should not be stripped bare of his belongings and property so as to be rendered a pauper") (citations and internal quotes omitted). At the same time, the Court must be careful not to depart substantially from the express language of the exemption statute and should not try to rewrite the statute. *In re Goertz*, 202 B.R. 614, 618 (Bankr. W.D.Mo.1996). While most of the property exemptions contained in § 513.430, subd. 1 relate to property that is generally considered necessary for the debtor's support and maintenance (and that of the debtor's dependents), some of them do not, such as subsection (1) (animals), subsection (2) (jewelry), and subsection (3) ("[a]ny other property of any kind"). If the legislature had intended to exclude ATVs from

the sweep of the term "motor vehicle" in § 513.430, subd. 1(5), it could easily have said so, but it did not. For instance, the General Assembly could have allowed the exemption for "all *licensed* motor vehicles" or for "all motor vehicles *except all-terrain vehicles.*" However, it did not do so; the statute expressly states that the debtor may claim a $1,000.00 exemption in *any* motor vehicle.

Though he did not expressly say so, the Court suspects that the Trustee's objection to the Debtors' exemption is based primarily on the fact that ATVs are, as a general rule, used for recreational purposes, particularly since they are not licensed like other motor vehicles and cannot be operated on the public highways (with certain exceptions). However, if that is the argument, the same could be said for many automobiles and motorcycles, which are exempted without question but many of which are used primarily if not exclusively for recreational purposes. Once again, if the General Assembly had intended to exclude recreational vehicles from the definition of "motor vehicle" in the exemption statute, it could easily have done so, but it did not.

For these reasons, the Court concludes that an all-terrain vehicle (ATV) is encompassed within the definition of a "motor vehicle" in § 513.430, subd. 1(5) and that the Debtors should be allowed to claim their all-terrain vehicle as exempt under the statute.

Therefore, it is

**ORDERED** that the Trustee's Objection to the Debtors' claim of exemption, in the amount of $1,000.00, in the 1993 Blaster ATV be and is hereby DENIED, and the Debtors are allowed the claimed exemption. It is

**FURTHER ORDERED** that the Trustee's Objection to the Debtors' claim of exemption in William Ashley Moore's profit sharing plan be and is hereby DENIED,

and Debtor William Ashley Moore is allowed the claimed exemption.

**SO ORDERED.**