**In re Ronald and Velma
SLEETH, Debtors.**

**No. 03–00628–YUM–EWH.**

United States Bankruptcy Court,
D. Arizona.

Oct. 14, 2003.

Jim D. Smith, Yuma, AZ, for Chapter 7 trustee.

Cristyn E. Weil, John Weil, Yuma, AZ, for debtors.

## MEMORANDUM DECISION RE: TRUSTEE'S OBJECTION TO EXEMPTIONS

JAMES M. MARLAR, Bankruptcy Judge.

On September 12, 2003, the court held a hearing on Trustee's Objection to Exemptions. After consideration of the arguments of the parties, the law and the facts presented, the court now rules.

---

**1.** In their schedules, the debtors listed the value of the motor home to be $7,500.00.

## FACTS

Ronald Eugene Sleeth and Velma Louise Sleeth ("Debtors") have claimed a motor vehicle exemption in their 1989 Gulfstream motor home ("motor home") under Arizona's personal property statute, *Ariz.Rev.Stat.* § 33–1125(8). The Debtors are also claiming an enhanced $10,000 exemption based on Mr. Sleeth's physical disability.

The Chapter 7 Trustee ("Trustee") objected to the claim of exemption on the ground that *Ariz.Rev.Stat.* § 33–1125(8) can only be used to exempt motor vehicles and that a motor home does not so qualify. The Trustee asserts that the Debtors' motor home is used as the Debtors' residence and therefore cannot also be a motor vehicle exemption. In addition, the Trustee claims that the motor home is worth more than any allowable exemption.[1] The Debtors maintain that they have properly claimed their motor home as exempt in the amount of $10,000, pursuant to *Ariz. Rev. Stat.* § 33–1125(8), as Mr. Sleeth is physically disabled and a motor home qualifies, as a motor vehicle under Arizona law. The debtors have not claimed a homestead exemption against the motor home.

## ISSUES

1. Whether a motor home is a motor vehicle for purposes of *Ariz.Rev.Stat.* § 33–1125(8)?

2. Whether a debtor who has a history of heart attacks and receives total and permanent disability payments from the Social Security Administration qualifies as "physically disabled" for purposes of *Ariz.Rev.Stat.* § 33–1125(8)?

The Trustee has offered no evidence to the contrary.

## ANALYSIS

*Issue 1. Whether a motor home is a motor vehicle for purposes of Ariz.Rev. Stat. § 33–1125(8)?*

█ Pursuant to 11 U.S.C. § 522(b)(2)(A), Arizona law controls the debtors' claimed motor vehicle exemption.[2] *Ariz.Rev.Stat.* § 33–1125(8) provides that a debtor may exempt from process "[o]ne motor vehicle not in excess of a fair market value of five thousand dollars." As to the availability of exemptions, "[i]n the case of married persons, each spouse is entitled to the exemptions provided ... which may be combined with the other spouse's exemption in the same property or taken in different exempt property." *Ariz.Rev.Stat.* § 33–1121.01. In addition, *Ariz.Rev.Stat.* § 33–1125(8) provides that "[i]f the debtor is physically disabled, the fair market value of the motor vehicle shall not exceed ten thousand dollars."

The Trustee argues that *Ariz.Rev.Stat.* § 33–1125(8) clearly provides that one motor vehicle shall be exempt from process, and that the debtors' motor home is not a "motor vehicle" for purposes of that statute.

Arizona's exemption statutes, *Ariz.Rev. Stat.* § 33–1101––1153, do not define "motor home." Arizona case law neither specifically addresses whether a motor home qualifies as a motor vehicle for purposes of the *Ariz.Rev.Stat.* § 33–1125(8) exemption, nor does it further define "motor home" for that purpose.

Because Arizona's exemption law controls this analysis, we must look to Arizona law to define "motor vehicle." Under Arizona's transportation statute, *Ariz.Rev. Stat.* § 28–4301(21), motor vehicle is defined as "an automobile, motor bus, motorcycle, truck or truck tractor or any other self-propelled vehicle, trailer or semitrailer." In addition, *Ariz.Rev.Stat.* § 28–4301(20) provides in pertinent part that:

> "Motor home" means *a motor vehicle* that is primarily designed as temporary living quarters and that: (a) [i]s built onto as an integral part of, or is permanently attached to, a motor vehicle chassis.

*Ariz.Rev.Stat.* § 28–4301(20) (emphasis added).

In addition, the Supreme Court, in *California v. Carney*, 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985), a criminal search and seizure case, defined a motor home as a motor vehicle for purposes of the automobile exception to the Fourth Amendment.. The Court refused to distinguish a motor home from other vehicles solely because it was "*capable of functioning as a home.*" *Id.* at 393, 105 S.Ct. 2066 (emphasis in original). The Court held that "in our increasingly mobile society, many vehicles used for transportation can be and are being used not only for transportation but for shelter, *i.e.*, as a 'home' or 'residence.' To distinguish between ... [a] motor home and an ordinary sedan ... would require that we apply the exception depending on the size of the vehicle and the quality of its appointments." *Id.*

█ Arizona law requires that exemptions be liberally construed in favor of the debtor. *Garcia v. Garcia*, 168 B.R. 403, 408 (D.Ariz.1994)(citing *In re Renner*, 822 F.2d 878, 880 (9th Cir.1987) (applying Arizona law)). Construing the motor vehicle exemption in favor of the debtor, the court holds that a motor home is a motor vehicle for purposes of *Ariz.Rev.Stat.* § 33–1125(8).

---

**2.** Arizona has opted out of the federal exemption scheme. *Ariz.Rev.Stat.* § 33–1133(B).

*Issue 2. Whether a debtor who has a history of heart attacks and receives total and permanent disability payments from the Social Security Administration qualifies as "physically disabled" for purposes of Ariz.Rev.Stat. § 33–1125(8)?*

██ *Ariz.Rev.Stat.* § 33–1125 provides that "the following property of a debtor used primarily for personal, family or household purposes shall be exempt from process . . . (8) one motor vehicle not in excess of a fair market value of five thousand dollars. *If the debtor is physically disabled, the fair market value of the motor vehicle shall not exceed ten thousand dollars.*" *Ariz.Rev.Stat.* § 33–1125(8) (emphasis added). Since its amendment in 2001, changing "maimed or crippled" to "physically disabled," Arizona courts have not yet had the opportunity to provide guidance on the meaning of "physically disabled." However, in interpreting an Arizona statute, a court must look to the plain language as the most reliable indicator of its meaning. *Powers v. Carpenter*, 203 Ariz. 116, 51 P.3d 338, 340 (2002) (citing *State v. Williams*, 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993)).

Mr. Sleeth was diagnosed in 1978 with advanced atherosclerosis and heart disease. Since his diagnosis, Mr. Sleeth has undergone three by-pass surgery operations, placement of stints, angioplasty, regular visits to heart specialists, and has taken medication. Mr. Sleeth was found to be totally and permanently physically disabled by the Social Security Administration in 1990 and has received disability payments since that date. Thus, one United States agency, specially equipped to deal with issues such as permanent or partial disability, has pronounced the debtor to be physically disabled. Clear evidence supports that such condition has not changed, and the Trustee has offered nothing to counter it. In addition to heart problems, Mr. Sleeth also suffers from knee problems and diabetes. Therefore, the court holds that under the plain meaning of the statute, Mr. Sleeth qualifies as "physically disabled" for the purposes of *Ariz.Rev.Stat.* § 33–1125(8), and its enhanced exemption.

██ Additionally, Rule 4003(a) sets forth the requirement that the debtor file a list of his or her property claimed as exempt. NORTON BANKRUPTCY RULES PAMPHLET 2002–2003 EDITION, 256. Rule 4003(b) allows a party in interest to file an objection to the list of property claimed as exempt within thirty days after the meeting of creditors or within 30 days after any amendment to the list of exempt property is filed, whichever is later. *Id.* Under Rule 4003(c), in any hearing relating to claims of exemptions, the objecting party has the burden of proving that the exemptions are not properly claimed. *Id.* On May 1, 2003, debtors filed their list of exemptions. On July 16, 2003, the Trustee timely filed an objection to debtors' claimed exemptions. Therefore, the Trustee has the burden of proving that the debtors are not entitled to the increased motor vehicle exemption under *Ariz.Rev. Stat.* § 33–1125(8). Because the Trustee did not present sufficient evidence to show that Mr. Sleeth is not "physically disabled" for purposes of *Ariz.Rev.Stat.* § 33–1125(8), the court holds that the debtors qualify for the increased motor vehicle exemption by virtue of Mr. Sleeth's physical disability.

### RULING

IT IS ORDERED that the debtors can exempt the motor home under the Arizona motor vehicle exemption in the amount of $10,000. The Trustee's objection to the exemption will therefore be overruled. A separate Order will be issued with this memorandum decision.

## ORDER

Consistent with the Memorandum Decision issued on this date,

IT IS ORDERED that the debtors may exempt the motor home under the Arizona motor vehicle exemption in the amount of $10,000, and the Trustee's objection thereto is overruled.