**In re Matthew Paul BUCHBERGER and Melissa Leigh Buchberger, Debtors.**

No. 2–04–02921–PHX–RJH.

United States Bankruptcy Court, D. Arizona.

July 6, 2004.

Robert J. Davis, Phoenix, AZ, Chapter 7 Trustee.

Mary Stockman, The Stockman Law Office, L.L.C., Phoenix, AZ, for Debtors.

## ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPT MOTOR VEHICLE

The Trustee objects to the Debtor's claim that their all-terrain vehicle ("ATV") is an exempt "motor vehicle." Because the Court concludes that an ATV satisfies the definition of Arizona's motor vehicle exemption statute, the Court denies the objection and upholds the exemption.

Debtors Matthew and Melissa Buchberger claim their ATV as an exempt motor vehicle under Arizona Revised Statute ("A.R.S.") § 33–1125(8).[1] Robert J. Davis, the Chapter 7[2] Trustee, objects on the ground that the ATV does not benefit the family except as a recreational vehicle, and because the ATV is not licensed or "street legal." The Court will address the Trustee's arguments in that order.

■ While the Court understands and even sympathizes with the Trustee's objection that the ATV serves only recreational purposes and is neither income producing nor necessary for the Debtors' maintenance or support, Arizona's personal property exemption statute does not contain any such qualification. The statute states that "[t]he following property of a debtor used primarily for *personal*, family or household purposes shall be exempt from process." A.R.S. § 33–1125 (emphasis added). Although "personal" is not defined within the statute, the plain meaning of "personal" would include a purely recreational use.[3] Moreover, some of the kinds

---

1. Pursuant to 11 U.S.C. § 522(b)(1), Arizona has opted out of the federal exemptions. A.R.S. § 33–1133(B).

2. Unless otherwise indicated, all chapter and section references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101–1330.

3. In interpreting an Arizona statute, a court must look to the plain language as the most reliable indicator of its meaning. *Powers v. Carpenter*, 203 Ariz. 116, 118, 51 P.3d 338, 340 (2002) (citing *State v. Williams*, 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993)).

of property that may be exempt under that statute are not any more necessary for the debtor's survival, such as the exemptions for a television set, musical instruments, domestic pets and horses, and a shotgun, rifle or pistol.[4] Finally, there is an entirely distinct exemption in A.R.S. § 33–1130 for "tools and equipment of a debtor used in a commercial activity, trade, business or profession," which also suggests that no such requirement is imposed on the "personal items" exemption in § 33–1125. The Court therefore concludes that the fact that the ATV may serve only recreational purposes does not disqualify it from being exempt, if it satisfies the requirement of being a "motor vehicle."

A.R.S. § 33–1125 provides in pertinent part:

The following property of a debtor used primarily for personal, family or household purposes shall be exempt from process:

. . .

8. One motor vehicle not in excess of a fair market value of five thousand dollars. If the debtor is physically disabled, the fair market value of the motor vehicle shall not exceed ten thousand dollars.

■ Arizona's exemption statutes do not define either "ATV" or "motor vehicle." Nor is there any Arizona case law defining "motor vehicle" for purposes of the exemption statutes. But "[i]f the language [of the exemption statute] is plain, it is the duty of the court to give it effect by following it."[5] And Arizona law requires that exemptions be liberally construed in favor of the debtor.[6]

Applying these rules of construction, an ATV certainly qualifies as a "motor vehicle." Under the plain meaning rule it is undeniably a vehicle that is powered by a motor, and the liberal construction rule would require that any ambiguity be resolved in favor of upholding the exemption.

Given the plain meaning of the exemption statute it is doubtful whether a court should apply definitions derived from other statutes that serve other purposes, especially when there is no cross reference to such other statutes.[7] Nevertheless, under

---

4. Obviously when the exemption statute was first adopted in 1913 shortly after Arizona's statehood the horse may have been used in ranching and the gun may have been necessary for personal protection. The statute later exempted "All arms, uniforms and accouterments required by law to be kept by any person, and also one gun selected by the debtor"; "one horse and vehicle belonging to any person who is maimed and crippled, the horse or vehicle being necessary in his business"; and "[t]he farming utensils and implements of husbandry of the debtor, also two oxen or two horses or two mules and their harness and saddles. . . ." Arizona Code § 24–601 (1939)(*amended and re-numbered as* A.R.S. § 33–1125). But the statute was substantially rewritten in 1976 to add the musical instruments, domestic pets and television set. Those items are primarily for recreational use and by that time probably most Arizonans' uses of horses and guns had become purely recreational as well.

5. *Wuicich v. Solomon–Wickersham Co.*, 18 Ariz. 164, 166, 157 P. 972 (1916)(construing Arizona's first homestead statute, whose "meaning is plain and easily understood," not to require debtor to reside on the land).

6. *Matcha v. Winn*, 131 Ariz. 115, 117, 638 P.2d 1361, 1363 (Ariz.Ct.App.1981)("the homestead laws should be interpreted liberally to advance the objectives of the statutes"); *Garcia v. Garcia (In re Garcia)*, 168 B.R. 403, 408 (D.Ariz.1994) (citing *In re Renner*, 822 F.2d 878, 880 (9th Cir.1987) (applying Arizona law)).

7. In determining whether wages that have been paid retain their status as "wages" for purposes of the Arizona wage exemption statute, the Arizona Court of Appeals relied on a definition found in another statute governing garnishment procedure. The court did so, however, only because the exemption statute "is closely intertwined with [the procedural

these other statutory definitions an ATV would still qualify as a motor vehicle.

The term "motor vehicle" is defined in many different places in the Arizona statutes for different purposes. For instance, the "Motor Vehicle Chop Shops" statute under the Criminal Code defines "motor vehicle" as "any self-propelled vehicle." A.R.S. § 13–4701(2). The prohibition against liquor in motor vehicles provision of Title 4, "Alcoholic Beverages," defines "motor vehicle" as "any vehicle that is driven or drawn by mechanical power and that is designed primarily for use on public highways. Motor vehicle does not include a vehicle operated exclusively on rails." A.R.S. § 4–251(D)(1). And the youth employment provision of Title 23, "Labor," defines a "motor vehicle" as "an automobile, truck, truck tractor, trailer, semitrailer, motorcycle or similar vehicle propelled or drawn by mechanical power and designed for use as a means of transportation. Motor vehicle does not include a vehicle operated exclusively on rails." A.R.S. § 23–230(10). Under Title 28, Chapter 10, "Vehicle Dealers, Automotive Recyclers and Transporters," "motor vehicle" is defined as "an automobile, motor bus, motorcycle, truck or truck tractor or *any other self-propelled vehicle,* trailer or semitrailer." A.R.S. § 28–4301(21) (emphasis added).

The general definitions chapter of Arizona's Transportation statute defines "motor vehicle" as "a self-propelled vehicle." A.R.S. § 28–101(30) More specifically, it defines an "all-terrain vehicle" as:

a *motor vehicle* that satisfies all of the following:

(a) Is designed primarily for recreational nonhighway all-terrain travel.

(b) Is fifty or fewer inches in width.

(c) Has an unladen weight of eight hundred pounds or less.

(d) Travels on three or more low pressure tires.

(e) Has a seat to be straddled by the operator and handlebars for steering control.

(f) Is operated on a public highway.[8]

A.R.S. § 28–101(3) (emphasis added). Furthermore, A.R.S. § 28–101(35) defines an "off-road recreational motor vehicle" as "a *motor vehicle* that is designed primarily for recreational nonhighway all-terrain travel and that *is not operated on a public highway.*" (emphasis added).

Although an ATV appears to meet all of the above definitions because it is a self-propelled vehicle and is drawn by mechanical power, it can be argued that it is not designed primarily for public highways as required by the "Alcoholic Beverages" statute. But that limitation seems to be uniquely suited to serve the purpose of

statute] and must be given a consistent interpretation." *Frazer, Ryan, Goldberg, Keyt & Lawless v. Smith,* 184 Ariz. 181, 185, 907 P.2d 1384, 1388 (Ariz.Ct.App.1995). "The statutes are explicitly cross-referenced. The 25% of earnings that are nonexempt under § 33–1131 may be reduced to 15% under § 12–1598.10(F). To operate in tandem as they do, these statutes must necessarily define 'earnings' the same way." *Id.* Here, there is no similar intertwining or cross reference between the exemption statute and any of the other statutes that define the term "motor vehicle" for other purposes.

8. Although the Trustee may argue that the Debtor's vehicle still doesn't fit the definition of "all-terrain vehicle" because their ATV does not operate on a public highway as required by A.R.S. § 28–101(3)(f), the ATV clearly meets the definition of "off-road recreational motor vehicle" under § 28–101(35). Debtor's ATV is a self-propelled vehicle designed for recreational, all-terrain travel and is not operated on a public highway. While the ATV is specifically designed for recreational, *non-highway* use, the statute still defines it as a "motor vehicle."

that statute, which is to regulate alcohol to enhance public safety on the highways. Consequently all of these other statutory definitions lend support to the Court's conclusion that an ATV is a "motor vehicle" within the meaning of the exemption statute.

A recent decision by this Court also supports this conclusion. In *In re Sleeth,* 300 B.R. 351 (Bankr.D.Ariz.2003), Judge James M. Marlar considered whether a motor home can qualify for the same motor vehicle exemption. The trustee there argued that the motor home was used as a residence and thus could not also be a motor vehicle. Relying primarily on the definitions found in Arizona's Transportation statute under A.R.S. § 28–4301(21), the court concluded that the motor home was a motor vehicle for purposes of A.R.S. § 33–1125(8) and thus exempt.

Finally, if the meaning of an exemption statute is "doubtful, we may look to the reasoning of other courts upon similar statutes, if there be any, to aid us in the construction of our statute." [9] A Missouri bankruptcy court was faced with this identical issue arising under a very similar exemption statute. *In re Moore,* 251 B.R. 380 (Bankr.W.D.Mo.2000). That court similarly found no definition of "ATV" in the Missouri exemption statutes. *Id.* at 381. Noting that statutory construction of words are to be given their plain and ordinary meaning, and that exemption laws should be liberally construed in favor of the debtor, the court found that "motor vehicle" is defined in many of Missouri statutes as a "self-propelled vehicle not operated exclusively upon tracks." *Id.* (citing Mo.Rev.Stat. §§ 300.010(15) & 301.010(31)). The court also referred to the Webster's dictionary definition, which defines "vehicle" as "a means of carrying or transporting something . . . a carrier of goods or passengers." *Id.* After referencing these definitions, the court construed the exemption statute in favor of the debtors and held that an ATV is a "motor vehicle" for purposes of Missouri's exemption statute.

The parties have not cited, and this Court has not found, any other reported decisions addressing whether an ATV is a "motor vehicle" for purposes of exemption laws. Some courts have addressed whether an ATV is a motor vehicle to determine whether a lien against an ATV must be perfected by being reflected on a certificate of title. These decisions are split but the slight majority favor the conclusion that an ATV is a motor vehicle for such purposes.[10]

This same analysis also compels the rejection of the Trustee's objection based on the fact that the particular ATV is not licensed nor legal to be operated on public streets. The exemption statute does not impose such a requirement for a motor vehicle to be exempt. The transportation statute's definition of "off-road recreational motor vehicle" makes clear that such a vehicle is a "motor vehicle" even though it is designed primarily for nonhighway travel and is not operated on a public highway. A.R.S. § 28–101(35). Nothing in the statute that exempts ATVs from registration [11]

**9.** *Wuicich.,* 18 Ariz. at 166, 157 P. at 972.

**10.** *E.g., Rice v. Simmons First Bank of Searcy (In re Renaud),* 308 B.R. 347 (8th Cir. BAP 2004); *Rice v. Regions Bank (In re Burton),* 2003 WL 21698752 (Bankr.E.D.Ark.2003); *Horwitz v. Green Tree Fin. Corp. (In re Rainer),* 246 B.R. 11 (Bankr.W.D.N.Y.2000), *aff'd,* 2001 WL 135821 (W.D.N.Y.2001)(not for publication). *But see In re Skeans,* 2003 Bankr.LEXIS 693 (Bankr.E.D.Ky.2003).

**11.** A.R.S. § 28–2153 generally provides that no person shall operate, move or leave standing on a highway a motor vehicle unless it is currently registered with the Motor Vehicle Department. The statute then provides nine

cross references the exemption statute nor implies any reason why the ATV would have to be registered in order to be exempt. Finally, the *Moore* opinion similarly concluded that the lack of registration of an ATV is no reason to conclude that it could not be an exempt asset.

For these reasons, the Court concludes that an ATV may qualify for Arizona's motor vehicle exemption. The Trustee's objection to the Debtors' claim of exemption is denied.

exceptions from that requirement, the last of which pertains to ATVs:

> An all-terrain vehicle or an off-road recreational motor vehicle operating on a dirt road that is located in an unincorporated area of this state. For the purposes of this paragraph, "dirt road" means an unpaved or ungraveled road that is not maintained by this state or a city, town or county of this state.

A.R.S. § 28–2153(D)(9). That exception also implies than an ATV is a motor vehicle, because the general registration requirement only applies to motor vehicles, trailers and semitrailers.