813 P.2d 1376

**The STATE of Arizona, Appellee,**

v.

**Roger WILLIAMS, Appellant.**

**No. 2 CA–CR 90–0385.**

Court of Appeals of Arizona,
Division 1, Department B.

June 27, 1991.

**368**

Grant Woods, Atty. Gen. by Paul J. McMurdie and Daniel J. Kiley, Phoenix, for appellee.

Navajo Legal Aid & Defender Office by Peter Breen, Window Rock, for appellant.

## OPINION

FERNANDEZ, Chief Judge.

Appellant Roger Williams contends that his conviction for aggravated assault should be vacated and the charges dismissed and that he should be granted a new trial on the charges of reckless endangerment and leaving the scene of an accident. He argues that the trial court erred in denying his motions for mistrial because of improper remarks by the prosecutor in his opening statement and because of improper references to his race. Appellant also claims that his aggravated assault conviction is precluded by his double jeopardy rights and that he was improperly charged, wrongfully denied an expert, deprived of his right to a grand jury, convicted on improperly admitted evidence, and improperly sentenced. We affirm.

Appellant was observed by several motorists on December 26, 1986 in Gila County driving a pickup truck at an excessive speed in an aggressive and extremely dangerous manner for about ten miles before he rear-ended a station wagon. A 14-year-old boy in the station wagon was thrown out and was brain damaged and blinded.

Appellant was indicted on two counts of reckless endangerment, two counts of aggravated assault, and one count of failing to remain at the scene of an accident. Just prior to trial, the court granted the state's motion to dismiss one of the counts of aggravated assault and one of the reckless endangerment counts. Appellant was tried

in absentia after he failed to appear for trial. He was convicted on all counts, and the jury found that the aggravated assault was committed with a dangerous instrument. After he was apprehended nearly three years later, appellant was sentenced to presumptive terms of 1.5 years each for reckless endangerment and leaving the scene of an accident, to be served concurrently with each other but consecutively to the aggravated assault count. He was also sentenced to an aggravated term of 22 years for the aggravated assault pursuant to A.R.S. § 13–604.01(D).

## DENIAL OF MISTRIAL IN OPENING STATEMENT

■ Near the end of his opening statement, the prosecutor made a brief reference to nightmares suffered by the victim's sister and to the family's temporary residence at the McDonald House in Phoenix after the collision. At the end of the statement, appellant objected. He later argued that the comments about the sister's nightmares and "the family's life being hell" were prejudicial. During the rest of that argument as well as during a subsequent argument on the issue, only the nightmares comment was discussed. There was no further mention of the family's stay at the McDonald House.

The court denied appellant's motion for a mistrial based on the remark, noting that the jury had been instructed that it was not to be concerned with matters of sympathy or prejudice. The court also ordered that the issue was not to be mentioned again. The prosecutor did not question the sister about her nightmares when she took the stand. Appellant now complains that both comments were improper. We address only the comment about the nightmares, finding that the comment about the Ronald McDonald House was not properly preserved. *State v. Holmes,* 110 Ariz. 494, 520 P.2d 1118 (1974).

In determining whether remarks made by counsel in a criminal case are so objectionable as to require a mistrial, the trial court should consider (1) whether the remarks called to the attention of the jurors matters that they would not be justified in considering in determining their verdict, and (2) the probability that the jurors, under the circumstances of the particular case, were influenced by the remarks.

*State v. Hallman,* 137 Ariz. 31, 37, 668 P.2d 874, 880 (1983). Because the trial court is best able to sense the possible effect an objectionable statement may have had on the jury, it is granted broad discretion in ruling on a motion for mistrial. *State v. Bailey,* 160 Ariz. 277, 772 P.2d 1130 (1989). We do not reject that determination unless there is an abuse of discretion. *Id.*

Although we agree with appellant that the reference to the sister's nightmares was improper, we do not find that the remark was so inflammatory that the trial court erred in denying his motion for a mistrial.

## REFERENCES TO APPELLANT'S RACE

■ As we noted earlier, appellant was tried in absentia. Prior to the start of testimony, appellant's counsel moved to preclude any reference to the fact that appellant is an Indian. The court refused to grant the motion, but the state indicated that it would caution its witnesses not to refer to appellant's race.

One of the state's witnesses twice repeated a statement that her husband made to her when they observed appellant's driving just before the accident. The statement was, "Those Indians are drunk." The state did not elicit the statement either time. During argument on appellant's objections, the prosecutor stated that he had not had time to discuss the matter with the witness before she testified.

Appellant moved for a mistrial, which the court denied. The court subsequently instructed the jury that the statements were stricken and were to be disregarded. The jury was also again instructed that it was not to be moved by sympathy or prejudice of any kind.

**370**

We find that the instruction cured any harm that might have been caused by the spontaneous statements. *State v. Lacey,* 143 Ariz. 507, 694 P.2d 795 (App.1984). In any event, the fact that appellant is an Indian was not immediately apparent to the jury only because he voluntarily absented himself from the trial. We find no error in the denial of the motion for mistrial.

## DOUBLE JEOPARDY

Appellant next asserts that his prosecution for aggravated assault was precluded on double jeopardy grounds, citing *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). The double jeopardy clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. The clause protects a defendant from being prosecuted for the same offense after an acquittal or a conviction and from being punished more than once for the same offense. *Ohio v. Johnson,* 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984); *State v. Nunez,* 167 Ariz. 272, 806 P.2d 861 (1991).

■ The state contends that appellant has waived the issue because he did not raise it below. Double jeopardy is a nonjurisdictional defense that can be waived. *State v. Owens,* 127 Ariz. 252, 619 P.2d 761 (App.1980).

■ The issue of double jeopardy, however, was mentioned below. Prior to the start of trial, the parties argued a number of pretrial motions. One of those was appellant's motion to preclude the state from introducing evidence of appellant's blood alcohol content (BAC). In that motion, appellant argued that his BAC was irrelevant because the state's aggravated assault theory was that appellant intended to injure the victim. The state responded that it was entitled to introduce the evidence in order to show appellant's recklessness. Counsel then replied that appellant's double jeopardy rights precluded the state from proceeding on a theory of recklessness because those elements had been adjudicated in justice court where he had apparently been convicted of driving while under the influence of alcohol (DUI) for the same incident. During that argument, counsel asked the court to take judicial notice of appellant's abstract of conviction. The court apparently saw the document, but it was not admitted into evidence and it is not included in the record. It is impossible to determine the contents of the document from the transcript of that hearing. Without further discussion, the court then denied appellant's motion to preclude evidence of his BAC.

The record is devoid of any evidence that appellant was convicted of a DUI offense other than the statement by appellant's counsel. The presentence report does not mention a DUI conviction; it reflects, instead, that appellant has no previous felony or misdemeanor convictions.

Appellant bears the burden of assuring that the record on appeal is sufficient to enable us to review the ruling he challenges. *State v. Zuck,* 134 Ariz. 509, 658 P.2d 162 (1982). From the record before us, we find no evidence that appellant's double jeopardy rights were violated.

## IMPROPER CHARGING OF AGGRAVATED ASSAULT COUNT

■ Appellant next contends that he "was charged with a non-existent crime," that he recklessly caused physical injury to the victim while using a dangerous instrument. He was charged with aggravated assault pursuant to A.R.S. §§ 13–1203(A) and 13–1204(A)(2). To the extent we understand his argument, appellant apparently contends that because the state normally charges such incidents as an assault causing serious physical injury under § 13–1204(A)(1) rather than under § 13–1204(A)(2), an assault involving the use of a dangerous instrument, by charging appellant under subsection (A)(2), the state created due process problems for itself. He also argues that under the state's charging theory, the same conduct could constitute a "mitigated" DUI offense pursuant to A.R.S. § 28–692.01(C)(2) and an aggravated assault pursuant to § 13–1204(A)(2). We find no merit to the

latter contention because no DUI conviction is involved here, "mitigated" or otherwise.

Appellant's argument ignores the fact that the prosecutor has discretion to determine both whether to file charges and which charges to file. *State v. Hankins,* 141 Ariz. 217, 686 P.2d 740 (1984). When particular conduct can be charged under two or more statutes, the prosecutor has discretion to determine which statute to apply. *See State v. Gooch,* 139 Ariz. 365, 678 P.2d 946 (1984).

■ We also find no merit to appellant's contention that the indictment was vague because he could not tell under which subsection of § 13–1203(A) the state was proceeding. In support of that contention, he argues that the state did not disclose until late in the trial whether it was proceeding under a theory of intentional conduct or recklessness. Although the state was unnecessarily evasive on that subject, both theories were clearly alternative ones under § 13–1203(A)(1). The confusion on that subject did not in any way render the indictment vague.

■ Appellant also argues that his conviction cannot be upheld because there was no evidence of his specific intent to use his truck as a dangerous instrument. Although our former assault with a deadly weapon statute required a specific intent to do harm, *State v. Balderrama,* 97 Ariz. 134, 397 P.2d 632 (1964), that is no longer the case. The current statute does not require a showing of specific intent. *State v. Venegas,* 137 Ariz. 171, 669 P.2d 604 (App. 1983); *State v. Carrillo,* 128 Ariz. 468, 626 P.2d 1100 (App. 1980).

## DENIAL OF EXPERT

We find no merit to appellant's contention that the trial court erred in refusing to appoint an expert accident reconstructionist. Contrary to appellant's assertion, he did not request that an expert be appointed in his motion for continuance.

## DENIAL OF RIGHT TO GRAND JURY

■ After the grand jury indicted appellant, the state filed an allegation of dangerousness pursuant to A.R.S. § 13–604(K) as well as an allegation that the aggravated assault count was a dangerous crime against children pursuant to A.R.S. § 13–604.01(B). Appellant contends that the amendments were improperly permitted, arguing that it is the grand jury, rather than the prosecutor, who should make such allegations. We disagree. Although the supreme court has recently ruled that a grand jury has authority to consider the issue of the punishment to be imposed, *State v. Burge,* 167 Ariz. 25, 804 P.2d 754 (1990), it did not rule that a prosecutor no longer has authority to seek an addendum to the indictment for sentencing enhancement allegations.

## ADMISSIBILITY OF BLOOD ALCOHOL CONTENT

■ Appellant contends that the court erred in permitting the state to present evidence of appellant's BAC, arguing that the state failed to show that its expert was licensed to perform BAC tests as required by former A.R.S. § 28–692(G). That statute, however, applied only to DUI prosecutions; it did not limit the admissibility of a defendant's blood alcohol level in other proceedings. In this case, there was no DUI charge. The expert testified about his educational background, his subsequent training, his employment experience, and his extensive experience in testing blood samples for alcohol content. The expert also stated that he had previously testified as an expert in 20 to 30 cases. Sufficient foundation was laid and we find no error.

■ Appellant also complains that the state failed to show an adequate chain of custody of his blood sample prior to its being tested. A doctor testified that she drew blood from appellant and gave it to a Department of Public Safety (DPS) officer who testified that he put it into a blood kit, sealed it, and placed it in the DPS refrigerator with instructions to send it to the DPS lab. The DPS criminologist who tested the blood testified that he broke the seals on

the kit. The record supports the court's determination that the state showed an adequate chain of custody of the sample.

## PROPRIETY OF SENTENCE ENHANCEMENT

Finally, appellant contends that it was improper to aggravate his sentence either by the use of an automobile as a dangerous instrument or pursuant to the dangerous crimes against children statute.

Appellant argues that an automobile cannot properly serve as a dangerous instrument for aggravation purposes because the aggravated assault elements were identical to the elements of his DUI, citing *State v. Orduno*, 159 Ariz. 564, 769 P.2d 1010 (1989). In that case, our supreme court held that the operation of an automobile in a DUI case cannot also constitute the use of a dangerous instrument for purposes of sentence enhancement. Because appellant was charged with aggravated assault, not DUI, *Orduno* is inapplicable. The use of the automobile was not an essential element of the assault. We find no error in the enhancement here.

Appellant also argues that the further enhancement of the sentence for aggravated assault under A.R.S.

§ 13–604.01, the dangerous crimes against children statute, was erroneous because, he contends, the statute is limited to crimes when the defendant either intends to harm a child or has some reason to believe the victim is a child. We do not agree. The statute contains no such limitation. It provides as follows:

K. In this section:

1. 'Dangerous crime against children' means any of the following committed against a minor under fifteen years of age:

\*     \*     \*     \*     \*     \*

(b) Aggravated assault resulting in serious physical injury or committed by the use of a deadly weapon or dangerous instrument.

The statute clearly applies here.

Affirmed.

HOWARD and JAMES C. CARRUTH,* JJ., concur.

---

* A Judge of the Pima County Superior Court authorized and assigned to sit as a Judge on the Arizona Court of Appeals, Division Two, pursuant to Arizona Supreme Court Order filed July 25, 1990.