854 P.2d 131

**STATE of Arizona, Appellee,**

v.

**Roger WILLIAMS, Appellant.**

No. CR–92–0074–PR.

Supreme Court of Arizona,
En Banc.

May 27, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Daniel J. Kiley, Asst. Atty. Gen., Phoenix, for the State.

Meyer, Hendricks, Victor, Osborn & Maledon by Sigmund G. Popko and Andrew D. Hurwitz, Phoenix, for Williams.

## OPINION

MARTONE, Justice.

Arizona enhances sentences and imposes unique penalties for certain crimes, such as sexual assault and molestation, when committed against a minor under fifteen years old. A.R.S. § 13–604.01. These are called "dangerous crimes against children." We are asked to decide whether the use of a motor vehicle which injures a person who fortuitously happens to be under fifteen years old is one of these crimes. We hold that it is not.

## I. BACKGROUND

On December 26, 1986, Roger Williams, while drunk, rammed his pickup truck into the back of a station wagon. A fourteen year old boy was thrown from the vehicle and badly injured. Williams was convicted of three felony counts, including aggravated assault for recklessly causing physical injury using a dangerous instrument under A.R.S. § 13–1204(A)(2). The jury found that the victim was a child under the age of fifteen, § 13–1204(B), and that the aggravated assault was a dangerous nature offense under A.R.S. § 13–604(G).

At sentencing, and over objection, the trial court determined that, because the victim of the aggravated assault was under the age of fifteen, the enhanced penalties for a "dangerous crime against children" were applicable. A.R.S. § 13–604.01. Applying that statute, the court sentenced Williams to the maximum term of twenty-two years for the aggravated assault.[1] But for this enhancement, an aggravated assault on a victim under fifteen is a class 2 felony under § 13–1204(B), the maximum sentence for which is 14 years, or if a "dangerous" offense under § 13–604, as here, 21 years. The court of appeals affirmed. *State v. Williams*, 168 Ariz. 367, 372, 813 P.2d 1376, 1381 (App.1991). We granted Williams' petition for review because of the statewide importance of the issue presented.

## II. ANALYSIS

### A. *The Statute*

A.R.S. § 13–604.01 contains enhanced penalties for anyone convicted of a "dangerous crime against children." It provides for high presumptive sentences that can be decreased or increased within certain limits based on aggravating and mitigating circumstances. The statute further requires that the sentence for a "dangerous crime against children" be served consecutively to any other sentence, § 13–604.01(J), and without the possibility of parole, § 13–604.01(E). In addition, § 13–604.01(I) provides for lifetime parole after release for perpetrators of a completed "dangerous

---

1. The trial court also sentenced Williams to presumptive 1.5 year terms for the other two counts to run concurrently with one another, but consecutive to the twenty-two years for the assault as required by § 13–604.01(J).

crime against children" and for discretionary lifetime probation for preparatory offenses.[2]

Other consequences follow as well from a conviction for a "dangerous crime against children." A.R.S. § 13–3716 requires anyone convicted of a "dangerous crime against children" to give notice of the conviction when applying for employment or volunteering services with organizations that supervise children. The certificate of a teacher convicted of a "dangerous crime against children" must be immediately and permanently revoked under A.R.S. § 15–550. In addition, if there is clear and convincing evidence that a person in custody committed a "dangerous crime against children," he or she cannot be admitted to bail. A.R.S. § 13–3961(E). A process exists for expediting the prosecution of "dangerous crimes against children" over all other prosecutions. A.R.S. § 13–123.

The question before this court is whether these penalties apply to persons like Williams, whose reckless actions created a risk to everyone around him and were not aimed at the young boy who ultimately became his victim. To answer that question, we must determine whether his actions constituted a "dangerous crime against children" as defined in § 13–604.-01(K)(1), which states in relevant part:

1. "Dangerous crime against children" means any of the following *committed against a minor* under fifteen years of age:

(a) Second degree murder.

(b) *Aggravated assault resulting in serious physical injury or committed by the use of a deadly weapon or dangerous instrument.*

(c) Sexual assault.

(d) Molestation of a child.

(e) Sexual conduct with a minor.

(f) Commercial sexual exploitation of a minor.

(g) Sexual exploitation of a minor.

(h) Child abuse as defined in § 13–3623, subsection B, paragraph 1.

(i) Kidnapping.

(j) Sexual abuse.

(k) Taking a child for the purpose of prostitution as defined in § 13–3206.

(*l*) Child prostitution as defined in § 13–3212.

(m) Involving or using minors in drug offenses.

(Emphasis added.)

The state argues that an enumerated offense constitutes a "dangerous crime against children" whenever the victim is under the age of fifteen. Williams argues that an enumerated offense constitutes a "dangerous crime against children" only when it is committed intentionally or knowingly, in spite of the fact that two of the offenses—aggravated assault and second degree murder—can be committed by reckless conduct. We reject each of these arguments.

 Our task in interpreting the meaning of a statute is to fulfill the intent of the legislature that wrote it. *State v. Korzep*, 165 Ariz. 490, 493, 799 P.2d 831, 834 (1990); *Martin v. Martin*, 156 Ariz. 452, 457, 752 P.2d 1038, 1043 (1988). We look first to the statute's language because we expect it to be "the best and most reliable index of a statute's meaning." *Janson v. Christenson*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991). If the language is plain, we need look no further. *Id.* A.R.S. § 13–104 requires us to construe language "according to ... fair meaning ... to promote justice and effect the objects of the law, including the purposes stated in § 13–101," which seeks to exclude conduct "as criminal when it does not fall within the purposes set forth." § 13–101(3).

We first look at our aggravated assault statute. A.R.S. § 13–1204 already enhances the sentence for assaults committed on persons under fifteen years old. For example, under § 13–1204(A)(4), an assault on a person under fifteen is an aggravated assault. And, under § 13–1204(B), aggravat-

---

2. The parole provision has been held to be a violation of the separation of powers doctrine, but the probation provision has been upheld.

*See, respectively, State v. Wagstaff*, 164 Ariz. 485, 794 P.2d 118 (1990) and *State v. Lyons*, 167 Ariz. 15, 804 P.2d 744 (1990).

ed assaults involving serious physical injury or the use of a deadly weapon or dangerous instrument are class 3 felonies, "except if the victim is under fifteen years of age in which case it is a class 2 felony punishable pursuant to § 13–604.01." Thus, whether § 13–604.01 is applicable or not, there is sentence enhancement from a class 3 felony to a class 2 felony when the victim is under fifteen. The question then is whether § 13–604.01 enhances the crime a second time whenever the victim is under fifteen, or does § 13–604.01 have within it an additional requirement? We now turn to § 13–604.01.

■ An examination of § 13–604.01 indicates that most "dangerous crimes against children" are those one would ordinarily associate with the term. They include sexual assault, molestation, sexual conduct, commercial sexual exploitation, sexual exploitation, child abuse, kidnapping, sexual abuse, child prostitution, and using minors in drug offenses. "Dangerous crime against children" is defined as committing one of the listed offenses "against a minor under fifteen years of age." Given the list of crimes, and the language "against a minor," a fair construction of the statute is that it refers to crimes in which a child is the target of the criminal conduct. That is to say, a dangerous crime against a child is a crime against a child *qua* child. The word "against" means "directly opposite," "facing," "in opposition," or "hostility to." *Webster's Seventh New Collegiate Dictionary* 17 (1967). This supports the meaning that a crime against a child is a crime against a child as a child or in the capacity of a child.

Of course, aggravated assault can be like many of the crimes on the list of "dangerous crimes against children." A person could, for example, cause serious physical injury by striking a child, or a person might confront a child with a deadly weapon. In each of these instances, there could be no serious doubt that the crime of aggravated assault would be a dangerous crime against a child. But what of this case? In contrast to most of the crimes on the list, aggravated assault can be committed with-

out targeting anyone. A child could be the unintended and unknown victim of someone's generalized unfocused conduct. The victim could just as well be an adult.

■ The state argues that it does not matter that the victim is only fortuitously under fifteen. It argues that the language "committed against a minor under fifteen years of age" is coextensive with the language "the victim is under fifteen years of age." But the legislature used the language "under fifteen years of age" in § 13–1204(B) to enhance the sentence for aggravated assault from a class 3 to a class 2 felony. That happens automatically where the victim is "under fifteen years of age," whether fortuitous or not. The legislature did not use the same language in § 13–604.01. It did not define a dangerous crime against children as one of the listed crimes where the "victim is under fifteen years of age." Instead, it chose the more limiting language "committed against a minor under fifteen years of age," and listed crimes, most of which, by definition, target children.

Williams argues that a "dangerous crime against children" can only be committed intentionally or knowingly, in contrast to recklessly. We reject this argument for two separate and independent reasons. First, aggravated assault and second degree murder are on the list of crimes and each can be committed by reckless conduct. A child could be the target of a reckless crime. For example, a driver, like Williams, who harasses a well marked school bus and recklessly injures a child passenger can be said to have the focus sufficient to satisfy § 13–604.01. Such a reckless crime would be "against children" because it manifests a conscious disregard of a risk to children, A.R.S. § 13–105(6)(c), as opposed to the general public. Secondly, Williams' attempt to distinguish culpable mental states does not solve the problem of the child as a fortuitous victim. One could commit an intentional crime and still not target a child as the victim. An example would be a case of transferred intent, where a person aims at an adult but strikes a child. See A.R.S. § 13–203(B).

We must distinguish between the culpable mental state required for the commission of the offense, which is defined by the listed crimes in § 13–604.01(K)(1), and the language "committed against a minor" which, fairly construed, suggests that the conduct aims at, targets or focuses on a victim under the age of fifteen regardless of culpable mental state.

Our understanding of this language is supported by the structure of the statute. Section 13–604.01 provides different ranges of sentences based upon the legislature's understanding of the relative danger of the offenses. For example, § 13–604.01(A) provides for a presumptive term of 20 years for sexual assault against a child. Subsection (B) provides a presumptive term of 17 years for aggravated assault against a child. Subsection (C) provides a presumptive term of 10 years for sexual abuse against a child. Unless we were to construe the language "against a child" as we have, a defendant who is involved in a reckless and unfocused automobile collision would be punished more severely under subsection (B) than would a person who commits sexual abuse against a child under subsection (C). This could not have been the legislature's intent given the flavor of the offenses that are within the scope of "dangerous crimes against children."

Similarly, if we were to interpret the reference to § 13–604.01 in § 13–1204(B) as more than a cross-reference, the language directly preceding it, converting the classification of an aggravated assault from class 3 to class 2 where the victim is under fifteen, would be meaningless. The significance of the felony classification is in the range of sentences available. But when § 13–604.01 applies, the degree of the felony is irrelevant because the penalties prescribed by § 13–604.01 replace the usual sentencing scheme based upon the degree of the felony. It would not make sense if the youth of the victim both increased the degree of the felony and activated the special sentencing provisions of § 13–604.01, unless something more than the age of the victim is required by § 13–604.01.[3]

### B. *Other Sources of Legislative Intent*

■ Even though the most natural reading of the definition of a "dangerous crime against children" indicates that it refers to crimes that target or focus upon children, it can certainly be argued that the language is not so plain that it admits of no other interpretation. It is appropriate, therefore, to consult other sources of legislative intent. Such sources include the statute's context, subject matter, historical background, consequences, spirit, purpose, and policy. *Korzep*, 165 Ariz. at 493, 799 P.2d at 834.

The legislative history indicates quite clearly that the enactment of § 13–604.01 was calculated to reach criminals who prey specifically upon children. The discussion before the House Judiciary Committee focused upon child sexual molestation, kidnapping, and child abuse. *See generally S.B. 1021, Sexual Offenses; Child Victims: Minutes of Meeting before the Arizona House Committee on Judiciary*, 37th Leg., 1st Sess. (Feb. 18, 1985). Of particular concern was the perceived recidivist nature of the people who commit these crimes.

We conclude, as we have before,[4] that the legislature, in enacting § 13–604.01, was attempting to respond effectively to those predators who pose a direct and continuing threat to the children of Arizona. The lengthy periods of incarceration are intended to punish and deter those persons,

3. The statutes defining several other enumerated offenses also increase the felony classification when the victim is under fifteen or fourteen years of age. *See* A.R.S. § 13–1405 (sexual conduct with a minor); § 13–1304(B) (kidnapping); § 13–1404(B) (sexual abuse); § 13–3206 (taking child for purpose of prostitution).

4. *See State v. Wagstaff*, 164 Ariz. 485, 490–91, 794 P.2d 118, 123–24 (1990) ("The legislature's purpose in enacting the Dangerous Crimes Against Children Act can be surmised. Protecting the children of Arizona and punishing severely those who prey upon them certainly are two legislative goals. In addition ... the legislature is attempting to address the problem of recidivism alleged to exist in this category of offender.").

and simultaneously keep them off the streets and away from children for a long time. The special penalties, *ante*, at 132–133, are calculated to deal with persons peculiarly dangerous to children.

The spirit and purpose of § 13–604.01 are not well served by applying it to people like Williams who do not prey upon helpless children but who fortuitously injure children by their unfocused conduct. The state points out that punishment can vary according to the severity of the consequences flowing from an individual's conduct as well as from the culpability of that conduct, and the legislature could consider harming a child, even fortuitously, to be more serious than harming an adult. That is certainly true. And the legislature has done that here by converting a class 3 felony to a class 2 felony whenever the victim is under age fifteen. But the question before us is whether, in addition to that enhancement, the legislature intended the age of the victim to be sufficient to invoke § 13–604.01.

We note that the legislature has elsewhere created severe penalties based solely on the age of the victim. Some of the offenses listed in § 13–604.01(K) are crimes only because the proscribed conduct is perpetrated upon a minor. In addition, in defining some substantive offenses the legislature increased the degree of the felony—and consequently the range of punishment—where the victim is under the age of fifteen. *See, e.g.,* A.R.S. § 13–1402(B) (increasing indecent exposure offense from class one misdemeanor to class six felony where victim is under the age of fifteen); A.R.S. § 13–1403(C) (increasing public indecency offense from a class one misdemeanor to a class five felony when victim is a minor); A.R.S. § 13–1204(A)(4) (assault is aggravated if committed upon a child no more than fifteen years old, making the offense a class six felony rather than a misdemeanor). Given these other provisions that increase the punishment available based solely on the age of the victim, and given that the specific provisions of the "dangerous crimes against children" statute are so clearly aimed at prevention and deterrence, we cannot conclude that the legislature intended the consequences of § 13–604.01 to flow merely from the victim's age. Applying the statute in that way would trivialize its purpose by treating alike the repetitive child rapist and the reckless, but unfocused, driver.

We therefore reject the state's contention that committing an offense "against" a child within the meaning of § 13–604.01 is the same as committing an offense, the victim of which happens to be a child. We also reject Williams' argument that § 13–604.01 applies only to those crimes that are committed intentionally or knowingly and does not apply where the mental state for the offense is mere recklessness. This is neither consistent with the statutory language, nor the intent to punish severely those who prey upon children as opposed to those whose actions only fortuitously affect a child. Williams was convicted of aggravated assault for recklessly causing physical injury. Had he, instead, intentionally used his car to cause physical injury, the presence of the minor victim might still have been fortuitous.

## C. *Resolution and Application*

Because a "dangerous crime against children" is defined as one "committed against a minor under fifteen years of age," the defendant's conduct must be focused on, directed against, aimed at, or target a victim under the age of fifteen. We do not hold that the statute applies only when the accused targets a victim whom the accused knows is under the age of fifteen. On the contrary, we approve of an earlier holding of the court of appeals that knowledge of the victim's age is unnecessary under the statute. *State v. Denning*, 155 Ariz. 459, 461, 747 P.2d 620, 622 (App.1987). When an individual targets a person, he or she generally assumes the risk that the victim will turn out to be within a protected age group. We hold only that the victim must be the person against whom the crime is directed, not that the accused must know that the person is under fifteen.

As a practical matter, the question of whether the child victim is the target of the

defendant's criminal conduct will rarely be an issue given the nature of the crimes listed in § 13–604.01(K)(1). It is impossible to imagine how sexual assault, molestation, sexual conduct, commercial sexual exploitation, sexual exploitation, child abuse, kidnapping, sexual abuse, taking a child for the purpose of prostitution, child prostitution, and involving or using minors in drug offenses could be committed without targeting persons. The issue we resolve only arises in that rare case when, as here, an enumerated offense can be committed by unfocused actions, whether intentional, knowing or reckless in nature.

■ Applying our holding to this case, the evidence showed that Williams drove his pickup truck in an extremely dangerous and aggressive manner, tailgating and intentionally harassing other drivers and placing everyone around him at risk of injury. But there was no evidence that his behavior was directed at or focused upon the victim, or that he was even aware of the minor's presence in the station wagon. Under these circumstances, Williams has not committed a "dangerous crime against children" within the meaning of § 13–604.-01, and, thus, he may not be sentenced under that statute. This means that the whole panoply of special provisions relating to child predators will not needlessly be applied to him. On the other hand, because the victim in fact was under the age of fifteen, the classification of his felony is automatically enhanced to class 2 under § 13–1204(B). And, the jury having found that the aggravated assault was a "dangerous" offense under § 13–604, the sentence will be enhanced.[5] Thus, the ultimate penalty may closely approximate that imposed under the dangerous crime against children section. For example, here, the maximum

sentence for a dangerous crime against children is 22 years, while the maximum sentence for a class 2 felony, dangerous nature offense, is 21 years. In most cases, therefore, the true significance of our holding will not lie so much in the length of the term imposed as in the applicability of all the special penalty provisions associated with "dangerous crimes against children" which are expressly calculated to deal with predators of children.[6]

## III. DISPOSITION

Because § 13–604.01 does not apply to Williams, we vacate that part of the opinion of the court of appeals relating to sentence enhancement, vacate the sentence imposed, and remand the case to the superior court for resentencing consistent with this opinion.

FELDMAN, C.J., MOELLER, V.C.J., and CORCORAN and ZLAKET, JJ., concur.

---

5. This case was charged under § 13–604. One cannot be sentenced under both § 13–604 and § 13–604.01 because the applicability of § 13–604 in each instance is conditioned "[e]xcept as provided in § 13–604.01." Because Williams cannot be sentenced under § 13–604.01, he can be sentenced under § 13–604.

6. Because the relationship among § 13–1204, § 13–604, and § 13–604.10 is complex, the following order of analysis may be helpful in cases

like this. Is there an aggravated assault under § 13–1204(A)(1) or (2)? If yes, it is a class 3 felony. Is the victim under 15 years of age? If yes, it becomes a class 2 felony. Is it a "dangerous crime against children" under § 13–604.01? If yes, sentence under that section. If no, is it a dangerous nature offense under § 13–604? If yes, sentence as a class 2 felony, dangerous nature offense under that section. If not, sentence as a class 2 felony.