James Arthur SMITH, Jr.,
Petitioner–Appellant,

v.

Dora SCHRIRO, Respondent–Appellee.

No. 06–16883.

United States Court of Appeals,
Ninth Circuit.

ed by 9th Cir. R. 36–3.

**216**

Submitted June 5, 2007.*

Filed June 14, 2007.

Robert Bartels, Esq., ASU Law School Clinic Arizona State University College of Law, Tempe, AZ, for Petitioner–Appellant.

AGAZ—Office of the Arizona Attorney General, Tucson, AZ, for Respondent–Appellee.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Arizona state prisoner James Arthur Smith, Jr., appeals from the district court's judgment dismissing as untimely his 28 U.S.C. § 2254 habeas corpus petition, which challenges his enhanced sentence for aggravated assault. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review *de novo* the dismissal of a section 2254 petition on timeliness grounds, *see Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir.2001), and we affirm.

Smith contends that the AEDPA's one-year statute of limitations should be equitably tolled because he is actually innocent of a "dangerous crime against children," as defined by Ariz.Rev.Stat. § 13–604.01. Even assuming the actual innocence gateway provides a basis for equitable tolling, *see Majoy v. Roe*, 296 F.3d 770, 775–76 (9th Cir.2002), Smith has presented no new evidence to support his claim. *See House v. Bell*, —— U.S. ——, 126 S.Ct. 2064, 2077–78, 165 L.Ed.2d 1 (2006) (holding that a credible gateway claim "requires new reliable evidence"); *Schlup v. Delo*, 513 U.S. 298, 324–27, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Moreover, after reviewing the record, we agree with the district court that Smith's assault with a firearm is distinguishable from the "generalized unfocused conduct" described in *State v. Williams*, 175 Ariz. 98, 103, 854 P.2d 131 (1993). Because Smith has failed to present a credible claim of actual innocence, the district court properly dismissed the petition as untimely. *See* 28

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S.C. § 2244(d)(1); *House,* 126 S.Ct. at 2077–78; *Schlup,* 513 U.S. at 324–27, 115 S.Ct. 851; *Majoy,* 296 F.3d at 776.

**AFFIRMED.**