NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JESUS ARMANDO GARCIA-CORRALES, *Appellant*.

No. 1 CA-CR 15-0288
FILED 3-10-2016

Appeal from the Superior Court in Maricopa County
No. CR2012-134163-001
The Honorable Pamela Hearn Svoboda, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric K. Knobloch
*Counsel for Appellee*

Ballecer & Segal, LLP, Phoenix
By Natalee Segal
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which
Presiding Judge Jon W. Thompson and Judge Patricia K. Norris joined.

**P O R T L E Y**, Judge:

¶1        Jesus Armando Garcia-Corrales appeals his convictions for
dangerous crimes against children. He argues it was fundamental error for
the jury to hear evidence relating to a sentence enhancement during the
guilt phase of trial, and that there was insufficient evidence to sustain the
finding of dangerous crimes against a child on two of the counts against
him. Because we disagree with the premise of his argument, we affirm.

## FACTS[1] AND PROCEDURAL BACKGROUND

¶2        M. lived in an apartment with her four children, husband
("Husband"), and two of his co-workers. Early one morning, she heard a
loud noise, looked and saw people jumping over the wall, and told
Husband that someone was entering the house. He quickly put on his
pants, opened the bedroom door, and was hit by one of three intruders. A
gun was put to his head. M., who was holding their three-year-old
daughter, D., was told not to scream or make noise, as guns were pointed
at her.

¶3        M.'s fifteen-year-old son, who heard the noise and hid in his
closet in his locked bedroom, called the police. He was found and taken
downstairs, joining Husband, the two co-workers, and M., who was still
holding D. The intruders terrorized the residents by handcuffing and
beating Husband, as well as beating M., who was trying to hold and protect
her child. The intruders, knowing Husband bought, refurbished, and sold
used cars, took phones, money, jewelry, car titles and car keys, and fled
when they heard a helicopter over the apartment.

¶4        An officer in the helicopter watched a person running from
the direction of the apartment to a waiting vehicle. The car sped out of the

---

[1] We view the facts and all reasonable inferences drawn from those facts in
the light most favorable to upholding the verdict. *State v. Tamplin*, 195 Ariz.
246, 246, ¶ 2, 986 P.2d 914, 914 (App. 1999) (citation omitted).

complex, was pursued by police officers, and subsequently caught. Garcia-Corrales, the driver, was arrested, along with Omar Camacho, one of the intruders. The adult victims recognized Garcia-Corrales; he had attended a birthday party at the apartment weeks before the home invasion.

¶5            Garcia-Corrales was indicted for burglary; six counts of kidnapping, one of which was a dangerous crime against children; six counts of aggravated assault, one of which was a dangerous crime against children; and unlawful flight. All the charges, except for the unlawful flight, were also charged as dangerous crimes because guns were involved. The jury found Garcia-Corrales guilty as charged. He was subsequently sentenced to a lengthy prison sentence, totaling nearly twenty-eight years. After failing to file a timely notice of appeal, Garcia-Corrales filed a successful petition for post-conviction relief requesting leave to file a delayed notice of appeal. He then filed this appeal. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1), 13–4031, and –4033(A).[2]

## DISCUSSION

¶6            Garcia-Corrales argues the court committed fundamental error by allowing the jury to resolve the "dangerous crime against children" allegation, claiming that it is merely "a sentencing enhancement" and was required to be presented to "the jury only after the guilt phase of trial." He contends that because the jury heard about the child's age at the time of the home invasion, the information "likely inflamed and prejudiced the jury." He also contends that the evidence was insufficient to support a finding that he was an accomplice in targeting a child under the age of fifteen.

## I.     "Dangerous Crime Against Children" Evidence

¶7            Garcia-Corrales first contends that the trial court committed fundamental error by allowing the jury to hear about the age of the three year old child-victim during the guilt phase of the trial. He specifically argues the evidence was inflammatory and prejudicial, and that Arizona Rule of Criminal Procedure ("Rule") 19.1 was violated because it requires a finding of guilt before addressing sentencing enhancements. We review questions involving the application of court rules de novo. *Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, 549, ¶ 22, 189 P.3d 1114, 1122 (App. 2008).

---

[2] We cite the current version of the applicable statutes unless otherwise noted.

¶8            We reject his argument.  Although Rule 19.1 details the order of proceedings in a criminal trial, including sentencing, the rule does not require that an element of an offense, such as a dangerous crime against children allegation or an allegation that the crime was dangerous because a gun or other weapon was used, be only proven subsequent to the determination of guilt on the underlying charges.  And Garcia-Corrales has not cited to any statute or case law requiring such, and we have found none.

¶9            Moreover, two counts in the indictment alleged that the crimes were dangerous crimes against children because one of the child-victims was under fifteen years of age.  Specifically, count 7, the kidnapping charge, stated that Garcia-Corrales "knowingly restrained [D.], under fifteen years of age, with the intent to inflict . . . physical injury . . . or to otherwise aid in the commission of a felony."  And count 13, the aggravated assault charge, contained similar language; namely that "using a firearm, a deadly weapon or dangerous instrument, intentionally placed [D.], a person under 15 years of age, in reasonable apprehension of imminent physical injury."  Because the allegation was an element of each offense, the State, in order to meet its burden of proof, was required to present evidence that Garcia-Corrales and his compatriots "focused on, directed against, aimed at, or target[ed] a victim under the age of fifteen."  *State v. Williams*, 175 Ariz. 98, 103, 854 P.2d 131, 136 (1993).

¶10           Moreover, the child-victim's age at the time of the crimes was relevant and probative of an element to two of the charged crimes.  Ariz. R. Evid. 401.  The jury was properly instructed and we presume they followed the instruction.  *State v. Reyes*, 232 Ariz. 468, 471, ¶ 7, 307 P.3d 35, 38 (App. 2013).  As a result, we find no error.

## II.    Sufficiency of the Evidence

¶11           We review a challenge to the sufficiency of the evidence de novo, *State v. Felix*, 237 Ariz. 280, 289, ¶ 30, 349 P.3d 1117, 1126 (App. 2015) (citation omitted), viewing the evidence in the light most favorable to sustaining the verdict, and reversing only if there is no substantial evidence supporting the conviction, *State v. Fimbres*, 222 Ariz. 293, 297, ¶ 4, 213 P.3d 1020, 1024 (App. 2009) (citation omitted).  "Substantial evidence is proof that 'reasonable persons could accept as adequate . . . to support a conclusion of [the] defendant's guilt beyond a reasonable doubt.'"  *State v. Bearup*, 221 Ariz. 163, 167, ¶ 16, 211 P.3d 684, 688 (2009) (citation omitted).

¶12       Garcia-Corrales was the driver of the get-away car and convicted as an accomplice to the home invasion. An accomplice is a person who with the "intent to promote or facilitate the commission" of the offense:

> 1. Solicits or commands another person to commit the offense; or
> 2. Aids, counsels, agrees to aid or attempts to aid another person in planning or committing an offense.
> 3. Provides means or opportunity to another person to commit the offense.

A.R.S. § 13-301. An accomplice may be held "criminally accountable for the conduct of another" if, in the course of helping that person commit an offense, another offense occurs "that is a natural and probable or reasonably foreseeable consequence of the offense for which the person was an accomplice." A.R.S. § 13-303(A)(3).

¶13       Here, a month before the home invasion, Garcia-Corrales's sister was invited to D.'s birthday party at the apartment, and she brought Garcia-Corrales and his children. He, as a result, knew M. had a three year old living with her when he drove his compatriots to the apartment at two o'clock in the morning, and he knew, or should have known, that the three year old would be with her parents. Consequently, by driving his three friends to the apartment to break in, terrorize the occupants, take items that did not belong to them, and then attempt to drive them from the scene, Garcia-Corrales is responsible for the crimes committed by the three he drove to the apartment. And he is equally responsible for the dangerous-crimes-against-children counts because it was reasonably foreseeable that, in the commission of the burglary, D. would be present, restrained along with the others, and placed in reasonable apprehension of imminent physical injury.

¶14       Garcia-Corrales asserts that there is no evidence that he entered the home. However, he did not need to enter the residence to be held accountable as an accomplice. It was enough that he drove his friends to the apartment and then tried to drive away after the commission of the crimes, albeit unsuccessfully. Garcia-Corrales was apprehended with a co-defendant, who admitted to conducting the home invasion, after the police found the co-defendant with a handgun and the victims' jewelry. Because there was sufficient evidence that Garcia-Corrales was involved with his comrades, who committed the home invasion and related crimes, he was an accomplice for all their crimes. We therefore affirm the jury's verdicts. *See State v. Felix*, 237 Ariz. at 290, ¶ 35, 349 P.3d at 1127 (App. 2015)

(affirming jury finding of dangerous crime against children where defendant knew baby lived at house and was aware that by his indiscriminate shooting bullets into house at 5:00 a.m., it was likely he would be directing his fire at the baby, who was occupying the house and likely to be home asleep).

**CONCLUSION**

¶15 For the foregoing reasons, we affirm Garcia-Corrales's convictions and sentences.

