NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DENNIS WAYNE MOORE, *Petitioner*.

No. 1 CA-CR 18-0639 PRPC
FILED 2-7-2019

Petition for Review from the Superior Court in Maricopa County
No. CR2015-001935-001
The Honorable Teresa A. Sanders, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Respondent*

Dennis Wayne Moore, Kingman
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in
which Judge Michael J. Brown and Judge Jennifer M. Perkins joined.

**J O H N S E N**, Judge:

**¶1**　　　　Dennis Moore petitions this court for review from the dismissal of his petition for post-conviction relief of-right ("PCR") filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.1. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2**　　　　In 2016, Moore pled guilty to three counts of attempted sexual conduct with a minor, each a Class 3 felony and dangerous crime against children (Counts 7-9). As set forth in the plea agreement, Moore stipulated to a term of 15 years' imprisonment on Count 7 and lifetime probation on Counts 8 and 9, scheduled to commence upon his release from prison.

**¶3**　　　　After the superior court sentenced him in accordance with the plea agreement, Moore timely commenced Rule 32 proceedings. Appointed counsel notified the court that she found no colorable claims for relief, and Moore filed a *pro per* PCR asking to be resentenced. He argued (1) he did not knowingly waive his right to have a jury determine any sentence enhancement; (2) his sentence, enhanced as a dangerous crime against children pursuant to Arizona Revised Statutes ("A.R.S.") section 13-705 (2019), lacked a sufficient factual basis; (3) the statute criminalizing sexual conduct with a minor, A.R.S. § 13-1405 (2019), unlawfully enhances the punishment imposed for the offense based on the age of the victim, violating the proscription against double jeopardy; and (4) the superior court erred by sentencing him as a first-time offender pursuant to the dangerous crimes against children sentencing scheme rather than under A.R.S. § 13-702 (2019), the default sentencing scheme for first-time offenders.

**¶4**　　　　The superior court summarily dismissed the PCR, and this petition for review followed. Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). The petitioner bears the burden to show the superior court abused its discretion. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

**¶5**　　　　On review, Moore argues that: (1) his trial counsel was ineffective by failing to explain to him that the plea agreement "called for enhanced penalties"; (2) his PCR counsel was ineffective by failing to include a case summation in her notice of completion; (3) the superior court erred by failing to conduct fundamental error review of the PCR; (4) the State failed to provide adequate notice that he was charged with offenses

designated as dangerous crimes against children and subject to enhancement; (5) the age of a victim, alone, fails to provide a sufficient factual basis to enhance a sentence pursuant to the dangerous crimes against children sentencing scheme; (6) the superior court failed to adequately inform him during the plea colloquy that he was waiving his right to have a jury determine any sentence enhancement; (7) the superior court erred by failing to sentence him as a first-time offender pursuant to § 13-702; (8) the punishment set forth in the statute proscribing sexual conduct with a minor is unconstitutionally vague; and (9) the rule of lenity requires that any ambiguity in application of the sentencing scheme be resolved in his favor.

**¶6**          As a preliminary matter, because his petition for review fails to address his PCR argument that the statute criminalizing sexual conduct with a minor violates the proscription against double jeopardy, Moore has abandoned that argument and we therefore do not address it. *See State v. Rodriguez*, 227 Ariz. 58, 61, n.4 (App. 2010) (declining to address arguments not raised in petition for review). We likewise do not address his claims of ineffective assistance of counsel because he failed to raise those arguments in his PCR. *See* Ariz. R. Crim. P. 32.9(c)(4)(B)(ii) (petition for review "must contain" a statement of the issues the superior court decided that the defendant is presenting for appellate review).

**¶7**          Turning to the remaining issues, Moore first contends the superior court erred by summarily dismissing his PCR without conducting fundamental error review akin to that applied in direct appeals under *Anders v. California*, 386 U.S. 738 (1967). As we recently held, however, Rule 32 does not require the superior court to conduct such a review. *State v. Chavez*, 243 Ariz. 313, 318-19, ¶ 17 (App. 2017).

**¶8**          Second, Moore seemingly challenges the validity of his plea by arguing the State failed to provide him with adequate notice that he was charged with offenses subject to sentencing enhancement as dangerous crimes against children. To provide sufficient notice, an indictment must: (1) contain the elements of the offense charged, (2) set forth "a plain, concise statement of the facts" that form the basis of the charged offense, and (3) cite "the statute, rule, regulation or other provision of law the defendant allegedly violated." Ariz. R. Crim. P. 13.1(a), (d); *see also Hamling v. United States*, 418 U.S. 87, 117 (1974).

**¶9**          Here, the State charged Moore by indictment with three counts of sexual conduct with a minor, each designated a Class 2 felony and dangerous crime against children. For each count, the State alleged that

Moore violated § 13-705, the dangerous crimes against children sentencing statute. In addition, the plea agreement expressly identified each count as a dangerous crime against children and stated that each offense was committed in violation of § 13-705. Therefore, contrary to Moore's contention, the State provided constitutionally adequate notice that he was charged with offenses designated as dangerous crimes against children and thereby subject to sentencing enhancement.

¶10     Third, citing *State v. Williams*, 175 Ariz. 98 (1993), Moore argues that the age of a minor victim, alone, fails to provide a sufficient factual basis for sentencing enhancement pursuant to § 13-705. In *Williams*, the defendant, "while drunk, rammed his pickup truck into the back of a station wagon," injuring a 14-year-old boy. 175 Ariz. at 99. Vacating the enhanced sentence imposed by the superior court, the supreme court held that the dangerous crimes against children sentencing enhancement applies to defendants who "prey upon helpless children," not those "who fortuitously injure children by their unfocused conduct." *Id*. at 103.

¶11     The facts underlying Moore's conviction are altogether different than in *Williams*. "A factual basis can be established by 'strong evidence' of guilt and does not require a finding of guilt beyond a reasonable doubt." *State v. Salinas*, 181 Ariz. 104, 106 (1994). "[E]vidence of guilt may be derived from any part of the record including presentence reports, preliminary hearing transcripts, or admissions of the defendant." *Id*.

¶12     In this case, Moore pled guilty to repeatedly attempting to engage in sexual conduct with the victim during a two-year period in which the victim was five to seven years old. Thus, unlike the defendant in *Williams*, whose reckless driving presented a danger to everyone in his vicinity regardless of age, Moore specifically targeted a very young child. Therefore, his underlying offenses clearly fell within the conduct subject to enhanced punishment by the dangerous crimes against children sentencing scheme, and Moore's sentence is supported by a sufficient factual basis.

¶13     Fourth, Moore asserts the superior court failed to adequately notify him that by entering the plea, he would waive his right to have a jury determine any sentence enhancement. As set forth in the plea agreement, Moore expressly waived "all motions, defenses, objections, or requests" that could otherwise be raised "to the court's entry of judgment against him and imposition of a sentence upon him consistent with [the] agreement." In addition, Moore stipulated to "judicial fact-finding for sentencing

purposes" and waived "a trial by jury on the facts of the case as well as to any facts that may enhance [his] sentence."

¶14        When the superior court questioned Moore at the change-of-plea hearing, he confirmed that he (1) can both read and understand English; (2) understood he was pleading guilty to three dangerous crimes against children; (3) was aware of the possible sentencing range and stipulated to the maximum sentence for Count 7; (4) had read the plea agreement, reviewed it with counsel, and understood its terms; and (5) knowingly, intelligently, and voluntarily waived his right to have the charges and any aggravating circumstances presented to a jury.

¶15        Thus, Moore specifically waived a jury trial on any facts that might enhance his sentence by entering the plea agreement, and he affirmed that waiver to the court during the change-of-plea hearing. Viewing the plea colloquy within the context of the parties' existing plea agreement, the superior court adequately informed Moore of his right to a jury trial and, on this record, we cannot conclude that Moore's waiver was anything less than knowing, intelligent and voluntary. *See State v. Rodriquez*, 25 Ariz. App. 111, 112 (App. 1975) (superior court is not required to articulate the specific rights waived by a defendant when he pleads guilty; rather constitutional requirements are met "when it appears from the complete record" that the defendant was apprised of his constitutional rights).

¶16        Finally, Moore contends the punishment prescribed in the sexual conduct with a minor statute is unconstitutionally vague, and given this asserted ambiguity, the rule of lenity required the superior court to sentence him as a first-time offender under § 13-702.

¶17        We review statutory interpretation *de novo*. *State v. Burbey*, 243 Ariz. 145, 146, ¶ 5 (2017). "To determine a statute's meaning, we look first to its text," *id*. at 147, ¶ 7, and construe statutes that "relate to the same subject matter or have the same general purpose as one another" as though they constitute one law. *State v. Gamez*, 227 Ariz. 445, 449, ¶ 27 (App. 2011). "When the text is clear and unambiguous, we apply the plain meaning and our inquiry ends." *Burbey*, 243 Ariz. at 147, ¶ 7.

¶18        As set forth in A.R.S. § 13-1405(B), sexual conduct with a minor who is under 15 years of age "is a class 2 felony and is punishable pursuant to § 13-705." Moore posits that the phrase "is punishable" is ambiguous. Because "punishable" is not defined by the statutory scheme, *see* A.R.S. §§ 13-105 (2019), -705, we must construe it in accordance with its

plain and ordinary meaning. *See State v. Mahaney*, 193 Ariz. 566, 568, ¶ 12 (App. 1999) (noting in the absence of an express legislative intent to give a term a special meaning, we refer to established dictionaries to determine a term's plain and ordinary meaning). "Punishable" is commonly defined as "[d]eserving of or capable or liable to punishment; capable of being punished by law or right." Black's Law Dictionary 860 (6th abr. ed. 1991). Applying this plain meaning, § 13-1405 unambiguously imposes enhanced punishment as prescribed by the dangerous crimes against children sentencing statute.

¶19        Moreover, although Moore correctly notes that § 13-702 generally governs sentencing for first-time felony offenders, that statute states that it applies only when no "specific sentence is otherwise provided." Because § 13-1405 provides a "specific sentence," namely, enhanced sentencing pursuant to § 13-705, § 13-702 has no application to sentencing for defendants convicted of sexual conduct with a minor under age 15, even when the defendant is a first-time felony offender.

¶20        For these reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA