NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

JEREMY ALAN OFFUTT, *Petitioner.*

No. 1 CA-CR 18-0691 PRPC
FILED 3-26-2019

Petition for Review from the Superior Court in Yavapai County
No. P1300CR201600095
The Honorable Tina R. Ainley, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Joshua I. Fisher
*Counsel for Respondent*

Jeremy Alan Offutt, Kingman
*Petitioner*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

**C R U Z**, Judge:

¶1        Jeremy Alan Offutt petitions this court for review from the dismissal of his petition for post-conviction relief of-right ("PCR") filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.1.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2        In 2016, Offutt pled guilty to four counts of attempted molestation of a child, each a class 3 felony and dangerous crime against children subject to enhancement under Arizona Revised Statutes ("A.R.S.") section 13-705 (Supp. 2018).   In addition, Offutt agreed to a term of imprisonment for count 1 and thereafter lifetime probation for counts 2-4.

¶3        Consistent with the plea agreement, the superior court sentenced Offutt to a presumptive term of ten years' imprisonment as to count 1, followed by lifetime probation as to counts 2-4.  Offutt then timely petitioned for post-conviction relief.  Appointed counsel notified the court that he found no colorable claims for relief, and Offutt filed a *pro per* PCR arguing that: (1) the State unlawfully held him without bond before trial; (2) the statute proscribing molestation of a child, A.R.S. § 13-1410 (2010), is unconstitutional because it unlawfully places the burden of proof on the defendant to prove a lack of sexual intent; (3) he never waived his right to have a jury determine any sentence enhancement; (4) the State failed to provide adequate notice of the charges against him; (5) the age of a victim, alone, fails to provide a sufficient factual basis to enhance a sentence pursuant to the dangerous crimes against children sentencing scheme; (6) the superior court failed to adequately inform him that the plea agreement provided for an enhanced sentence; (7) the dangerous crimes against children sentencing scheme is unconstitutional "because it violates a defendant's right to a jury trial"; (8) the punishment set forth in the statute proscribing molestation of a child is unconstitutionally vague; (9) the superior court erred by failing to sentence him, a first-time offender, pursuant to A.R.S. section 13-702 (2010); and (10) trial counsel was ineffective by: (a) failing to request a bond hearing; (b) encouraging Offutt to accept the plea offer; and (c) failing to object when the superior court imposed an enhanced sentence.

¶4        The superior court summarily dismissed the PCR, and this petition for review followed.  Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for

post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). The petitioner bears the burden to show the superior court abused its discretion. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

## DISCUSSION

**¶5** On review, Offutt contends that: (1) the superior court erred by failing to conduct fundamental error review of the PCR; (2) the State failed to provide adequate notice that he was charged with offenses designated as dangerous crimes against children and subject to enhancement; and (3) the age of a victim, alone, fails to provide a sufficient factual basis to enhance a sentence pursuant to the dangerous crimes against children sentencing scheme. In addition, he asserts that trial counsel was ineffective by: (1) failing to request a bond hearing; (2) encouraging him to accept the plea offer; and (3) failing to object to the sentence, notwithstanding the absence of a sufficient factual basis.

**¶6** As a preliminary matter, Offutt has abandoned all PCR claims not reasserted in his petition for review, and we therefore do not address them. *See State v. Rodriguez*, 227 Ariz. 58, 61 n.4, ¶ 12 (App. 2010) (declining to address arguments not raised in petition for review). Therefore, he has waived his claims of ineffective assistance of counsel predicated on counsel's: (1) failure to request a bond hearing; and (2) encouragement to accept the plea offer.[1]

---

[1] To the extent Offutt argues that his right to challenge trial counsel's failure to seek a bond hearing survives his guilty plea, we note that none of the cases he relies on support that proposition. *See Mitchell v. United States*, 526 U.S. 314, 322-25 (1999) (holding a defendant's guilty plea and statements at plea colloquy did not function as a waiver of her right to remain silent at sentencing); *Menna v. New York*, 423 U.S. 61, 62-63 (1975) (holding a guilty plea does not preclude a defendant from raising a double jeopardy claim on review); *Blackledge v. Perry*, 417 U.S. 21, 30-31 (1974) (holding a guilty plea does not preclude a petitioner from raising a prosecutorial vindictiveness claim in a federal habeas corpus proceeding); *Stewart v. Smith*, 202 Ariz. 446, 450, ¶ 12 (2002) (holding a petitioner may raise an ineffective assistance of counsel claim for the first time in a successive petition for post-conviction relief if the nature of the right allegedly affected by counsel's ineffective performance "is of sufficient constitutional magnitude to require personal waiver by the defendant and there has been no personal waiver").

**¶7** By entering a guilty plea, Offutt waived "all non-jurisdictional defects and defenses, including claims of ineffective assistance of counsel, except those that relate to the validity of [his] plea." *State v. Leyva*, 241 Ariz. 521, 527, ¶ 18 (App. 2017) (citation and internal quotation omitted). To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *State v. Nash*, 143 Ariz. 392, 397-98 (1985). To demonstrate prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If a defendant fails to make a sufficient showing on either prong of the *Strickland* test, the court need not determine whether the defendant satisfied the other prong. *State v. Salazar*, 146 Ariz. 540, 541 (1985).

**¶8** Offutt does not allege that he lacked the mental capacity to knowingly, intelligently, and voluntarily enter the plea. The change of plea hearing transcript reflects Offutt "displayed normal communication skills and thought processes" and demonstrated "an understanding of his rights and the consequences of his waiver." *State v. Brewer*, 170 Ariz. 486, 496 (1992). Equally important, Offutt has not contested his mental fitness or otherwise argued that his decision to plead guilty was involuntary or coerced. Therefore, Offutt has failed to establish a colorable claim for relief with respect to his capacity to enter the plea agreement.

**¶9** Turning to the remaining issues, Offutt first contends the superior court erred by summarily dismissing his PCR without conducting fundamental error review akin to the process required for direct appeals under *Anders v. California*, 386 U.S. 738 (1967). As recently held by this court, however, the current Rule 32 procedure does not require the superior court to conduct such a review. *State v. Chavez*, 243 Ariz. 313, 318-19, ¶ 17 (App. 2017).

**¶10** Second, Offutt seemingly challenges the validity of his plea by arguing the State failed to provide him with adequate notice that he was charged with offenses designated as dangerous crimes against children and subject to sentencing enhancement. To provide sufficient notice, an indictment must: (1) contain the elements of the offense charged; (2) set forth "a plain, concise statement of the facts" that form the basis of the charged offense; and (3) cite "the statute, rule, regulation or other provision

of law the defendant allegedly violated." Ariz. R. Crim. P. 13.1(a), (d); *see also Hamling v. United States*, 418 U.S. 87, 117 (1974).

¶11　　　　Here, the State charged Offutt by indictment with one count of sexual conduct with a minor (alleging he knowingly engaged in sexual intercourse or oral sexual contact with a minor under fifteen years old) and one count of continuous sexual abuse of a child (alleging he engaged in sexual conduct with a minor under fourteen years old over a four-month period). For each count, the State alleged that Offutt violated A.R.S. § 13-705, the dangerous crimes against children sentencing statute. In addition, the plea agreement expressly identified each count as a dangerous crime against children in the third degree and stated that each offense was committed in violation of A.R.S. section 13-705. Therefore, contrary to Offutt's contention, the State provided constitutionally-adequate notice that he was charged with offenses designated as dangerous crimes against children and subject to sentencing enhancement.

¶12　　　　Third, citing *State v. Williams*, 175 Ariz. 98 (1993), Offutt argues that the age of a minor victim, alone, fails to provide a sufficient factual basis for sentencing enhancement pursuant to A.R.S. section 13-705. In *Williams*, the defendant, "while drunk, rammed his pickup truck into the back of a station wagon," injuring a fourteen-year-old boy. 175 Ariz. at 99. Vacating the enhanced sentence imposed by the superior court, Arizona Supreme Court held that the dangerous crimes against children sentencing enhancement applies only to defendants who "prey upon helpless children," not those "who fortuitously injure children by their unfocused conduct." *Id.* at 103.

¶13　　　　"A factual basis can be established by 'strong evidence' of guilt and does not require a finding of guilt beyond a reasonable doubt." *State v. Salinas*, 181 Ariz. 104, 106 (1994) (citation omitted). "[E]vidence of guilt may be derived from any part of the record including presentence reports, preliminary hearing transcripts, or admissions of the defendant." *Id.* (citation omitted).

¶14　　　　In this case, Offutt pled guilty to repeatedly attempting to molest a child, age thirteen during the relevant period, and specifically acknowledged at the plea hearing that he knew the victim's age when he committed the offenses. Thus, unlike the defendant in *Williams*, whose reckless driving presented a danger to everyone in his vicinity regardless of age, here, Offutt specifically targeted a child for the purpose of sexual activity. Therefore, the underlying offenses clearly fall within the conduct subject to enhanced punishment by the dangerous crimes against children

sentencing scheme, the sentence is supported by a sufficient factual basis, and trial counsel was not deficient by failing to object to the enhanced sentence imposed.

## CONCLUSION

¶15      For these reasons, we grant review and deny relief.

